MARTIN CORLEY *et al.*, Plaintiffs in Error, *v.* MICHAEL KENNEDY, Defendant in Error.

ERROR TO BUREAU.

Commissioners of highways, before opening a road, should give eight days' preliminary notice; and twenty days' further notice should be given of an appeal to the supervisors.

The supervisors should give thirty days' notice of the time they will meet to hear the appeal; this notice to be given after the filing of the order in the office of the town clerk.

The appeal may be by various persons at different times; but they should be heard at the same time.

AT August term, 1861, of Bureau Circuit Court, defendant filed in said court his petition for a certiorari against the plaintiffs as highway commissioners and town clerk of Westfield township. To certify up to said court the record and proceedings of a certain highway, laid out by three supervisors, and about to be opened by plaintiffs as such commissioners in said town through lands of defendant. Said petition alleges that the action of said supervisors in laying out said highway was illegal and void, for the reasons following:

1. Because it does not appear that petition for said highway was posted twenty days before action was had on it.

2. Because petition does not give the names of all the owners of lands over which the said highway passes.

3. Because there is no evidence in town clerk's office that said commissioners gave notice of their meeting to act on said petition.

4. Because said supervisors did not give any notice of the laying out of said highway.

5. Because said supervisors did not lay out said highway

on the day appointed, but on a subsequent day, without notice to parties interested, and without a formal adjournment from the day appointed.

6. Because said highway is null and void.

7. Because no estimate of defendant's damages occasioned by said highway, was ever filed with the town clerk, nor were the damages allowed defendant ever tendered to him.

The petition concludes by praying that on inspection of the papers pertaining to said highway, that the court will order that the proceedings and orders made by the commissioners and supervisors, relating to said highway, be vacated and annulled, and that the writ of certiorari operate as a supersedeas, against the opening of said highway. Said petition makes exhibits of the orders and proceedings had by the highway commissioners and supervisors in reference to said road. Upon which petition the Circuit Court at said term ordered a writ of certiorari to issue according to the prayer of said petition.

On the 5th September, 1861, the writ of certiorari was issued according to the order of said Circuit Court, and returned served on the plaintiffs.

The return sets out the petition for the road and the proceedings under it, the material parts of which are stated in the opinion.

The assignment of errors is, that the court erred in ordering that the proceedings of the supervisors concerning the highway in question, *be quashed.*

The court erred in adjudging that the order of the supervisors, establishing said highway, be annulled and made void.

The court erred in not deciding that said highway is valid and legal.

The court erred in quashing the proceedings of road commissioners and the appeal.

The court erred in giving judgment against defendant for costs.

J. I. TAYLOR, for Plaintiffs in Error.

M. T. PETERS, and G. O. IDE, for Defendant in Error.

WALKER, J.   This was a writ of certiorari, from the Bureau Circuit Court, to the commissioners of highways and the town clerk of the town of Westfield.   It required them to return the record and proceedings relating to the laying out and establishing a certain highway in that town.   On the return of the record, it appeared that the petition was posted on the 12th day of October, 1860; on the 29th day of the same month, the commissioners acted upon the petition, and fixed upon the 7th day of November as the day they would meet to hear reasons for and against granting the prayer of the petition.   On the 9th day of November, they refused to lay out and establish the road.   On the 28th day of November, an appeal was prosecuted from this order, and on the next day, the 24th day of December was fixed upon for a hearing of the appeal.   The supervisors met at that time, and on the 28th made an order establishing the road and assessing damages.   On the hearing in the Circuit Court, the order establishing the road was quashed, and judgment for costs rendered against the defendants in the court below.

It is urged, that a sufficient number of days did not elapse between the giving of notice of time when the petition would be presented and of its presentation.   Also, that the appeal was granted too soon, and a sufficient length of time did not elapse after the appeal was taken and before it was heard. The 2nd sec. of art. 24 of the chapter entitled " Counties," (Scates' Comp. 353), provides, that a copy of the "petition shall be posted up in three of the most public places in the town, twenty days, before any action can be had in reference to said petition."   This prohibits all action in reference to the petition. In this case the notice was given on the 12th, and the commissioners acted upon the petition on the 29th of October, only seventeen days after the notices were posted, and three days before the time authorized by the law.

The first section of the amendatory act of February, 1857, (Scates' Comp. 366), provides, "that the commissioners of highways, before determining to lay out any new road, or to alter or discontinue any old one, shall fix upon a time and place when and where they will meet, to hear reasons for or

against altering, discontinuing or laying out the same, and they shall cause written notices thereof to be posted up in three of the most public places in the town, at least eight days previous to the time of meeting." In this case, they met on the 29th of October, and on that day fixed the 7th of November for a final hearing, at which time the notices were given. Whilst there was the eight days required by the statute, it was only twenty-five days after the petition was posted, when there should have been twenty-eight. The two sections, when taken together, seem to contemplate that twenty-eight days shall intervene from the time when the first notice is given, before the final action is had, thus providing what was supposed to be a reasonable time to afford the means to make objections against the application, or to show the extent of damage that would be sustained by persons over whose land the road was to run.

The eighth section of the act (Scates' Comp. 354) authorizes an appeal to be prosecuted within thirty days after filing the order establishing the road, in the town clerk's office. The tenth section provides, that the supervisors, to whom the appeal is made, as soon as convenient after the expiration of thirty days after the filing of the order in the office of the town clerk from which the appeal is taken, shall agree upon a time when they will meet to consider the appeal. In this case, the hearing was had on the 9th of November, the appeal was taken on the 28th, and on the 29th the supervisors fixed upon a time for the hearing. This was done only nineteen days after the order was filed in the office of the town clerk, and eleven before the time authorized by the statute. The thirty days in which to appeal seems to have been given to enable all persons desirous to perfect an appeal, and by acting before the time prescribed by the act, a portion of the persons intending to appeal might be deprived of the right, or the time, after their appeal and before the hearing, so much abridged as to render it of no practical use. If the time may be shortened eleven days, no reason is perceived why it might not twenty-nine days, if any person should perfect his appeal on the day the commissioners acted, and the supervisors acted on the next

day in fixing the time for a hearing. The appeal, although made at various times and by different persons, must be acted upon as a unit. The rights of all persons are to be passed upon at the hearing, and they are entitled to all the time given by the statute to determine whether they will appeal, and to prepare for a hearing.

This proceeding only exists by virtue of the statute. All the officers and persons acting in the location of roads, derive all their authority from the statute, and in exercising the powers thus conferred, they must conform to its requirements. It is not for them to abrogate or dispense with its provisions. They are not to judge whether the provisions are the most judicious and salutary that could have been adopted, but simply to conform to the plain requirements of the act. In this case, the commissioners of highways finally acted upon the petition three days too soon, and the supervisors fixed the time for the hearing of the appeal eleven days before they were authorized. In these acts they exceeded their authority, and the court below committed no error in quashing the order locating the road and assessing damages. The judgment is therefore affirmed.

*Judgment affirmed.*