EZEKIEL SHINKLE *et al.* Commissioners of Highways

*v.*

HENRY MAGILL *et al.*

1. HIGHWAYS—*variance from the point of commencement stated in the petition for a road.* The statute requiring the petition for the laying out and establishing of a public road, to designate the point of commencement of the road, will not permit any deviation by the commissioners from the point so fixed.

2. In this case, the petition prayed for a new road to be laid out, commencing at the southeast corner of a certain section; the commissioners established the commencement twenty-five links from the corner. This difference, though slight, avoided the entire proceedings establishing the road.

3. SAME—*of the notice of time and place to hear reasons—evidence thereof.* Where the final order of highway commissioners establishing a public road, particularly specified that three notices of the time and place for hearing reasons for or against the establishment of the road, were posted in three of the most public places in the town, eight days previous to the time of meeting for the purpose, that was held to be the highest and best evidence of the fact.

4. SAME—*what shall be done with the notice.* The statute does not require the commissioners to deposit such notice with the town clerk.

5. SAME—*of the time within which the commissioners must meet to hear reasons.* The provision of the statute requiring the commissioners to meet to hear reasons for or against the road, within thirty days from the posting of the petition, is mandatory, not merely directory. So where the commissioners met on the thirty-first day, for that purpose, the irregularity was such as to occasion a reversal of a judgment establishing the road.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

Messrs. FULLER & GRAHAM, for the plaintiffs in error.

Messrs. MOORE & WARNER, for the defendants in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The record and proceedings of the commissioners of highways of the town of Rutledge, in DeWitt county, and of three

supervisors of the county, to whom an appeal was taken, in laying out a public highway, were brought before the circuit court by the writ of *certiorari.* The court decided the proceedings irregular and void. The case is brought before us by writ of error.

Three objections are suggested to the regularity of the proceedings :

*First,* That the road commenced one rod west of the point fixed in the petition.

*Second,* That the record does not show, that the notices required by-law to be posted, fixing the time and place for hearing reasons for and against the laying out of the road, were ever put up.

*Third,* That the commissioners did not meet to hear reasons and objections until the thirty-first day after the day on which copies of the petition were posted.

The petition prayed for a new road to be laid out, commencing at the southeast corner of a certain section ; the commissioners established the commencement twenty-five links from the corner. This is a slight difference ; but if the petition—the foundation of their action—may be disregarded to this extent, it may be entirely disregarded. The statute requires, that the petition shall set forth the description of the road—"the points at which it is to commence, its general course," &c. The commissioners fix the particular route, for the petition only designates the general course ; but when the statute requires the point of commencement to be named in the petition, the commissioners can only grant or reject its prayer.

It is made the duty of the commissioners, before determining to lay out any new road, or to alter or discontinue any old one, to fix upon a time and place to hear any reasons which may be offered for or against the establishment or discontinuance of such road. Three notices of the time and place must be posted in three of the most public places in the town, at least eight days previous to the time of meeting.

There is no evidence of such notice in this record, except the recital in the final order establishing the road. The posting of these notices is a positive requirement of the statute, and must be complied with. The question is, what is sufficient evidence of compliance? The final order, signed by the commissioners and deposited with the town clerk, does particularly specify that three notices were posted in three of the most public places in the town, eight days previous to the time of meeting.

As we construe the statute, there can be no higher or better evidence of the fact. The commissioners are not made the custodians of this, or any other paper, connected with their proceedings. They are required to deposit with the town clerk the petition, report of the surveyor, and their order establishing the road. In the absence of any requirement of the statute, imposing the duty on the commissioners to deposit the notice with the clerk, or to keep it themselves, we shall not do so. We have examined the law carefully, and find no provision for the preservation of this notice. We think the full recital in the final order, of a strict performance of the duty, is sufficient to confer jurisdiction.

The case of *Commissioners* v. *Harper*, 38 Ill. 104, is not similar to this in the facts. This court held, in that case, that the giving of the notice was a jurisdictional fact, which would never be presumed in a direct proceeding. In that case, the facts as to the posting of the notice, were not recited in the order declaring the road a public highway.

The third objection is well taken. The plain reading of the statute is, that the commissioners must meet to hear reasons for or against the road, within thirty days from the posting of the petition. The meeting, in this case, was not until the thirty-first day. After the lapse of thirty days, parties interested have the right to suppose the project has been abandoned. The statute is mandatory, and not directory.

In the two cases cited by plaintiffs in error, the question arose collaterally. The intimation in one of them, that the

statute was directory, is *obiter dictum,* and has been overruled. This is a direct proceeding, and it must appear that the statute has been strictly complied with.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in this decision.