## COMMISSIONERS OF HIGHWAYS OF NORTH HENDERSON

### v.

## THE PEOPLE EX REL. BROWN ET AL.

1. MANDAMUS.—In order to entitle a party to a mandamus, he must show a clear right to have the thing sought by it done, and by the person or body sought to be coerced, and such person or body must have the power, and be obligated to do the act.

2. To COMPEL THE OPENING OF A HIGHWAY. — There being no proof whatever in the record, either by recitals in the proceedings of the commissioners of highways, or the supervisors on appeal, or by evidence *aliunde* that copies of the petition for laying out the proposed road had been posted as required by law, it does not appear that the commissioners of highways had jurisdiction to perform the act sought to be enforced by mandamus.

3. PROOF THAT COPIES OF THE PETITION WERE POSTED SHOULD BE MADE.—The statute requires that notice of such petition should be given by posting copies thereof, and it is essential that proof of such notice should be made before the commissioners of highways are authorized to grant the prayer of the petition, and in the absence of such proof the commissioners could but refuse to act.

4. APPEAL TO SUPERVISORS—PROOF REQUIRED.—On an appeal under the statute from the commissioners of highways to three supervisors, it becomes necessary to show that the commissioners had jurisdiction to authorize them to act differently.

5. POSTING OF COPIES A PREREQUISITE.—The posting of copies of the petition is a prerequisite to the acquiring of jurisdiction by the commissioners to act, and there being no evidence of such notice, the record is insufficient to show a legal highway.

6. NO PRESUMPTION THAT NOTICE WAS GIVEN.—The provision of the statute, that the filing of the final order of the commissioners, and other papers, with the town clerk are *prima facie* evidence of the regularity of all antecedent steps in the proceedings, applies only when the papers upon their face show jurisdiction. In the absence of such showing it will not be presumed that there was a proper petition presented, notices posted and a hearing and as essment of damages.

7. NOTICE TO NON-RESIDENT HEIRS.—The record shows that a portion of the land taken belonged to certain heirs, one of whom was a non-resident. No notice was shown to have been given her, and it does not appear that any one was authorized to appear and represent her, and she has never released her claim for damages. As to such non-resident the damages have not been legally assessed, and the commissioners were justified in refusing to open the road.

8. VARIANCE BETWEEN PETITION AND ORDER—IRREGULARITY.—The petition prayed for a road four rods wide, a width prohibited by the statute, and the supervisors in their order determine that the road shall be laid out as prayed for, and order the damages assessed on the basis of a road fifty feet wide. This was erroneous.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. LANPHERE & BROWN, for appellants; argued that the application for the writ was premature, and cited Rev. Stat. 1874, 932, § 119.

The commissioners of highways have no right to allot a new road or the damages for opening the same, until those damages have been legally ascertained and fixed: Rev. Stat. 1874, 925, §§ 76, 77; Rev. Stat. 1874, 928, § 97.

Before damages can be legally assessed, the road should be surveyed and platted: Rev. Stat. 1874, 924, § 75.

The jury in assessing damages took into consideration the benefits to land owners, and charged those benefits to them in violation of the Constitution: Constitution, Art. II. § Sec. 13; Carpenter v. Jenings, 77 Ill. 250.

The petition prayed for a road wider than allowed by law: Rev. Stat. 1874, Chap. 121, § 65.

The petition should fix the *termini* and general course of the road: Rev. Stat. 1874, Chap. 121, § 70; Shinkle v. Magill, 58 Ill. 422.

Messrs. PEPPER & WILSON, for appellees; contending that it is the duty of the commissioners of highways to open and keep in repair all roads in the township, cited Rev. Stat. 1877, Chap. 121, § 81.

As to requisites of a petition for laying out a new road: Rev. Stat. 1874, Chap. 121, §§ 24, 29.

PILLSBURY, J. It appears from the record in this cause, that a petition for a new road four rods wide, and three miles long, between sections 7, 18 and 19, in North Henderson, and sections 12, 13 and 24, in the township of Suez, in Mercer county, was presented to the highway commissioners of the respective townships, and that the said commissioners met on the 4th day of August, 1876, to hear reasons for and against the laying out of the road, at which time the appellants, as commissioners of North Henderson, refused to grant the prayer of the petitioners, and those of Suez decided to grant the same. An appeal was taken to three supervisors of the county, who upon hearing, had on the 24th day of August, determined to, and did reverse the decision of the commissioners of highways of North Henderson, and ordered "that the prayer of the petition be, and the same is hereby granted, and that the road as prayed should be granted."

Thereupon they caused proceedings to be instituted before a justice of the peace for assessment of damages for a road fifty feet wide, and caused a survey to be made describing the road as three rods wide.

Commissioners of Highways, etc. v. The People ex rel.

The final order declares the road to be fifty feet ,wide, making the survey a part of such order. The commissioners of North Henderson took no action whatever in the premises, after their refusal to grant the prayer of the petition on the 5th day of August, and refuse to do anything towards apportioning the road or dividing the damages assessed between the towns in opening the road or making any provision for the payment of the damages. The relators herein applied to the Circuit Court of Mercer county for a writ of mandamus, to compel the commissioners of North Henderson to meet those of Suez, and proceed under the statute to open the road and apportion the road and damages between the towns. Upon the hearing, the court awarded a peremptory writ of mandamus, commanding defendants within ten days from service of the said writ, that they appoint and hold a meeting with the commissioners of Suez, to allot to each town the part of said road that each town shall open, and repair, and to divide the damages; and if they cannot agree, to select said arbitrators to make such allotment and division; that as soon as the part of the damages and expenses for locating said road, which said town of North Henderson has to pay, shall have been ascertained and determined by such division, the said defendants shall at the proper time prescribed by law, levy a tax not exceeding forty cents on the $100, to pay said damages and expenses, and report the same to the Board of Supervisors. From this judgment the commissioners appeal to this court.

In order to entitle a party to a mandamus, he must show a clear right to have the thing sought by it done, and by the person or body sought to be coerced; and such person or body must have the power and be obligated to the act. The People v. C. & A. R. R. Co. 55 Ill. 95; The People v. Cline, 63 Ill. 394; Commissioners of Highways v. The People, 66 Ill. 339. There is no proof whatever in this record, either by recitals in the proceedings of the commissioners or the supervisors upon appeal, or by evidence *aliunde*, that copies of the petition had been posted twenty days in the towns of Suez and North Henderson, as required by the 97th section of the act of 1874.

The commissioners of North Henderson refused to grant the

prayer of the petitioners, and we cannot see from this record but the ground of their refusal was that they had no jurisdiction to grant it, because no proof was made before them that the petition had been posted as required by the statute. Such proof was essential to be made before they were authorized to grant the prayer, and in the absence of proof of such posting they could but refuse it, as they did. On an appeal to the supervisors, in order to show that the action of the commissioners was erroneous, it became necessary, we apprehend, for the petitioners to show that the commissioners had jurisdiction to authorize them to act differently. The statute makes it the duty of the petitioners to post copies of the petition, and to make proof of that fact to the commissioners, which proof can be made by the affidavit of the person posting the same, or by other legal evidence. Rev. St. 1874, section 71. The posting of copies of the petition is a prerequisite to the acquiring of jurisdiction by the commissioners to act, and there being no evidence of such notice, the record is insufficient to show a legal highway.

This was the rule announced in Commissioners v. Harper, 38 Ill. 103, and in Cooley v. Kennedy, 28 Ill. 143.

It is insisted, however, that under the 92d section of the statute of 1874, the final order and other papers filed with the town clerk are *prima facie* evidence of the regularity of all the antecedent steps in the proceedings.

We are inclined to think, under the decisions of the Supreme Court, that such effect can only be given to the papers when upon their face they show jurisdiction. In such case, if the recitals in the order and other papers show a *prima facie* case, it shall not be presumed that the fact is contrary thereto.

If the commissioners of highways file an order in the town clerk's office, simply certifying that they have established a road in their town, shall it be presumed that a proper petition was presented, duly posted, notices given of the time and place of hearing reasons, and that the damages have been duly assessed by a jury; and if the land-owner is unable to negative these essential facts, shall he lose his land?

It is better that those who desire to take private property by statutory proceeding should also take the burden of showing,

Commissioners of Highways, etc. v. The People ex rel.

at least by recitals under their official oaths, that they have pursued the statute.

The facts are peculiarly within their knowledge, and it is no hardship to require them to preserve the evidence in the record. The Supreme Court in Frizell v. Rogers, 82 Ill. 109, where the proceedings were had under the statute of 1874, hold that these jurisdictional facts must affirmatively appear in the record, and we must conclude such decision was made with a full understanding of the 92d section of the act.   Under this decision we are compelled to hold, whatever we might do if it were an open question, that this record is insufficient to confer jurisdiction upon the commissioners of highways to grant the prayer of the petition, or upon the supervisors upon appeal.   Again, the record shows that a portion of the land taken by the road belonged to the heirs of John Gould, and the damages were assessed in their favor by that designation.   The mother of the heirs was living on the land, and one of the heirs resided in Mercer county, and the other in the State of Kansas.

No notice whatever was given the non-resident heir, and the notice to the resident was served upon her husband.   It does not appear that any one was authorized to appear and represent the non-resident owner, and she has never released her claim for damages.   As to her, at least, we are of the opinion that the damages have not been legally assessed, and the commissioners of North Henderson are therefore justified in refusing to open the road.   The proceedings are otherwise irregular. The petition asks for a road four rods wide, a width prohibited by the statute, and the supervisors in their order reversing the action of the commissioners in refusing to lay it out, determine that the road shall be granted as prayed for; they then have the damages assessed on the basis of a road fifty feet wide.   We are of the opinion that the court erred in ordering the writ of mandamus herein for the reasons above given, and the judgment of the court below will therefore be reversed.

Judgment reversed.