# A. J. ALEXANDER ET AL.

## v.

## CARL RUBENSAM ET AL.

1. RECORD OF ORDER OF SUPERVISORS NOT FILED IN PROPER TIME.— Where supervisors of a town made an order annulling an order of the commissioners of highways but failed to file their order within the ten days as provided in R. S. Chap. 121, § 72, the record of the order was void and the court below did not commit error in quashing it. The filing of the copy of the order, which is a part of the record, was not in compliance with the statute.

2. SUPERVISORS NOT RESPONSIBLE FOR COSTS OF SUCH SUIT.—As the supervisors were not necessary parties and had no interest in the result of the suit, and their duties ended when they made the order, it was error for the court to hold them responsible for costs. No such penalty should be attached to their act.

ERROR to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed February 9, 1883.

Messrs. DOYLE & MORRIS and Mr. T. B. HARRIS, for plaintiffs in error; cited R. S. 1882, Chap. 121, §§ 98, 101; Anderson v. Wood, 80 Ill. 15.

As the supervisors were acting in their official capacity, it was error to adjudge costs against them: Commissioners v. The People, 38 Ill. 347.

Messrs. KAY & EUANS and Mr. J. W. HOLLAND, for defendants in error.

Alexander et al. v. Rubensam et al.

LACEY, J. This was an action of *certiorari*, seeking to have the court below declare null and void a certain record made by the supervisors, annulling the action of the commissioners of highways granting petition to change a certain highway in said county.

The order of the commissioners was filed with the town clerk on the 13th day of December, A. D. 1879, and an appeal was taken from such order to three supervisors on the 18th day of December of the same year. The latter fixed the 30th day of the month as the time they would meet to hear the appeal. It appears that the supervisors made an order vacating and annulling the order of the commissioners on December 31, 1879, and a copy of such order was sent by the justice of the peace, to whom the original was sent by the supervisors to the town clerk on the 2d day of January, A. D. 1880, but not until the 29th of the last named month was the original order sent to the town clerk who refused to file it because it was not in time, but kept it with him among the papers of his office.

Sec. 72, Chap. 121, R. S., of the road law, requires the commissioners of highways in like case to file their order in case of refusal of a petition to alter, change or lay out a road, in the office of the town clerk within ten days, and by section 99 of the same statute, confers the same powers on the supervisors in case of appeal that is given to the commissioners. In this case the supervisors failed to file their order within the ten days, and the filing of the copy, which is a part of the record, was not a compliance with the statute.

For this reason the record of the order was void, and the court below did not err in quashing it. But the court rendered judgment for costs against the supervisors, which we think was error. They were not necessary parties and had no interest in the result of the suit. Neither of them resided in the town where the road was situate, their duties were ended when they made the order, and they should not be held responsible for costs in case the order was not legal; no such penalty should be attached to their act.

The judgment against them for costs is therefore reversed and the order of the court below in quashing the record is affirmed.