L. J. JOHNSON ET AL.

V.

C. M. STEPHENSON AND J. R. WILSON.

*Highways—Jurisdiction of Commissioners in Laying Out Road—Statutory Notice.*

Johnson v. Stephenson.

Compliance with the statutory requirements as to the giving notice, by highway commissioners, of a hearing upon a petition to lay out a new road, is jurisdictional, and evidence that notices were properly posted must be preserved.

[Opinion filed December 22, 1890.]

In error to the Circuit Court of Woodford County; the Hon. S. S. Page, Judge, presiding.

Messrs. Newell & Kennedy, for plaintiffs in error.

Mr. W. L. Elwood, for defendants in error.

*Per Curiam.* This is a writ of error prosecuted from a judgment of the Circuit Court, quashing certain proceedings had before highway commissioners to lay out a road. The highway commissioners refused the prayer of the petitioners to lay out a certain road, and dismissed the petition because there were not a sufficient number of petitioners, and because the road asked for was not a public necessity. Upon the hearing of the petition the commissioners made and signed the following order, viz.:

"At a meeting of the commissioners of highways, held in pursuance of a notice to hear reasons for and against granting the prayer of the within petition, it was decided by us to refuse the prayer of said petition for the following reasons: 1st, because said petition is not signed by the required number of land owners. 2d, because the establishment of the road proposed is not a public necessity." From this order an appeal was taken to three supervisors, under the statute, by certain of the petitioners. Upon a hearing before the three supervisors the order of the highway commissioners was reversed in all things, and the three supervisors ordered the road opened. The proceedings had before the highway commissioners and three supervisors were brought before the Circuit Court for review upon a writ of *certiorari.* Upon the hearing the court quashed the proceedings of the three supervisors laying out said road.

This appeal is prosecuted from that order.   In the view we take of the case it is necessary to notice but a single question. The statute, Chap. 130, Sec. 33, requires the highway commissioners, before proceeding to hear the petition, to give notice of the time and place of hearing by posting up at least five notices in five of the most public places in the township at least ten days before the hearing, fixing the time and place of hearing.   These notices are jurisdictional and they must be posted as required before the commissioners have any authority to act.   The evidence that these notices have been given as required by the statute must be preserved either by filing the notices with the proof of service with the record of the proceedings, or the commissioners must recite that fact in their order in such manner that the court can see that the notices required by the statute were given for the full time and in the manner required.   In the case at bar the only evidence preserved in the record showing that such notices were given is set out in the order of the highway commissioners, which we have given in full above.   It will be seen from an inspection of this order that it falls far short of being a compliance with the statute, and is, therefore, fatally defect ive to confer jurisdiction, which the record must show affirmatively.   Commissioners v. Harper, 38 Ill. 103; Corley v. Kennedy, 28 Ill. 143; Shinkle v. Magill, 58 Ill. 422; Frizell v. Rogers, 82 Ill. 109.

The record failing to show jurisdiction on the part of the commissioners to act, everything they did was a nullity, and all proceedings by the supervisors were equally void, and the Circuit Court committed no error in quashing them.

But it was error to tax the costs of the suit to the three supervisors.   They were not necessary parties to the suit and have no personal interest in its result.   They did not live in the township and have acted in their official capacity in hearing the appeal.   It would be most unjust to tax them with the costs of litigation which in no manner concerned them. Alexander v. Rubensam, 12 Ill. App. 120.

So much of the judgment as taxes costs to the supervisors must be reversed, but in all other respects the judgment is affirmed.            *Affirmed in part and reversed in part.*