JOHN L. HAMILTON *et al.*

*v.*

COMMISSIONERS OF HIGHWAYS OF LOVEJOY TP. *et al.*

*Opinion filed June 16, 1903.*

1. HIGHWAYS—*statutory requirements as to notice of proceeding to lay out road are jurisdictional.* The statutory requirements as to notice of proceeding to alter and lay out a public road are jurisdictional, and unless complied with the commissioners and justice of the peace have no authority to act.

2. SAME—*duty of justice to continue hearing in case of service by posting notices.* Under section 43 of the Road and Bridge act, relating to counties under township organization, if it proves necessary to obtain service upon non-residents by posting notices of the hearing of the proceeding to lay out a road, the justice of the peace must continue the hearing for a period not exceeding twelve days.

3. SAME—*damages should be assessed to each owner separately.* In a proceeding to lay out a public road the statute requires that the damages shall be assessed separately to each of the defendants entitled thereto.

APPEAL from the Circuit Court of Iroquois county; the Hon. R. W. HILSCHER, Judge, presiding.,

DYER & WALLBRIDGE, for appellants.

CRANGLE & VENNUM, (ROBERT DOYLE, of counsel,) for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Iroquois county dismissing the petition of appellants, filed in that court for a common law writ of *certiorari.* The writ was sought for the purpose of reviewing and

having declared void the proceedings of the commissioners of highways and a justice of the peace of the township of Lovejoy, in that county, altering and laying out a public road across a portion of section 11, township 24, range 12, west, which appellants own in fee, as tenants in common.

Several alleged irregularities in the proceedings are pointed out in the petition, because of which it is insisted the highway commissioners and justice of the peace failed to acquire jurisdiction of the case, and therefore their acts and doings are void. It is among other objections to the record urged that the justice of the peace before whom the damages were assessed had no legal authority to proceed with the trial, which occurred on the 16th of April, 1902, for the reason that the statute requires him to continue the hearing for a period not exceeding twelve days, where service is made upon any one of the owners by posting notices. The record discloses that on April 3 of that year the justice of the peace issued a summons for appellants, commanding them to appear before him on the 16th day of April following, at one o'clock P. M., to prove the damages sustained by them on account of the alteration of the road. The return of the constable to whom the summonses were issued, made April 8, shows that five of the appellants were non-residents of the county and could not be served with summons. The statute provides (Hurd's Stat. 1899, chap. 121, sec. 43,) that in case it shall appear from the return of any officer to whom the notice may be delivered for service, that there are non-resident owners who cannot be found and served within the county, such justice of the peace shall cause a notice to be delivered to the occupant of the lands, and the notices shall also be posted in three public places in the vicinity of the proposed road at least ten days before the time fixed in the summons for hearing proof of damages, etc., and in case service is made upon any one by posting notice, as above provided, "the justice shall

continue said hearing for a period not exceeding twelve days." Notice was served upon Frank Dell, the occupant of the land, on the 5th of April. On the same day a notice to the non-residents "John L. Hamilton, Fannie H. Shedd, Nettie E. Morse, Edith L. Potee and Josephine Green" were posted "in three of the most public places in the vicinity of the road herein proposed to be altered," but the justice did not continue the hearing for any period of time, the cause having been heard on the 16th of April, the time first fixed upon. Instead of continuing the case, according to the requirements of the statute, he proceeded with the trial and rendered final judgment. The notices required to be given by the statute in proceedings of this character are jurisdictional, and unless they have been given in proper time and in a proper manner, before the hearing, the commissioners and the justice of the peace are not authorized to act. *Commissioners of Highways* v. *Harper*, 38 Ill. 103; *Frizell* v. *Rogers*, 82 id. 109.

It is also said the proceedings were irregular in that the jury failed to assess damages to each of the defendants separately. The verdict of the jury awarded damages to the Chicago and Eastern Railroad Company $1, to Josephine Green $141.40, and to the eight defendants, jointly, $141.30. Section 46 of the act under which these proceedings were conducted, provides that the jury shall hear the evidence touching the question of damages, and make a written verdict "specifying the amount of damages, if any, which every such one shall recover." This clearly provides for the assessing of damages to each one separately, and in this respect, also, we think the proceedings were irregular.

Other defects in the record are insisted upon by counsel for appellants, but we do not regard them of substantial merit.

For the irregularities herein pointed out the judgment of the circuit court will be reversed and the cause remanded.                              *Reversed and remanded.*