COMMISSIONERS OF HIGHWAYS OF THE TOWN OF McKEE

*v.*

ELMER C. SMITH.

*Opinion filed October 24, 1905.*

1. CERTIORARI—*superior tribunal must try case upon the record alone.* Whether the inferior tribunal had jurisdiction or exceeded its jurisdiction, or otherwise proceeded in violation of law, must be determined by the superior tribunal, on *certiorari,* by an inspection of the record filed as a return to the writ, and the allegations of the petition for the writ and facts not contained in the record cannot be considered.

2. SAME—*record must show facts giving inferior tribunal jurisdiction.* On *certiorari* to review the record of a proceeding to establish a highway, the giving of the required notices must affirmatively appear in the record from the specific facts therein preserved and recited, and the mere statement that due notice was given, being but a conclusion of law, is not sufficient.

3. HIGHWAYS—*when commissioners have no jurisdiction to establish road.* Failure of highway commissioners to post any notices whatever of their adjourned meeting to decide upon granting the petition to establish a road deprives them of jurisdiction to proceed, even though notice of the first meeting was given as required by law. (*Wright* v. *Comrs. of Highways,* 145 Ill. 48, distinguished.)

4. WAIVER—*when general appearance is not waiver of objection to jurisdiction.* General appearance by a land owner before a justice of the peace in a proceeding to assess damages for laying out a road, after his motion to dismiss, made under special appearance, was overruled, is not a waiver of any objection going to the jurisdiction of the highway commissioners to establish the road, since the jurisdiction of the justice to assess damages depends upon the jurisdiction of the commissioners to establish the road.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

This is a writ of *certiorari* in the circuit court of Adams county, issued upon the petition of the defendant in error, Elmer C. Smith, against the commissioners of highways of the town of McKee, and Frederick Kaylor, a justice of the peace, commanding them to certify and bring up to the cir-

cuit court of Adams county the record and all the proceedings in and about the establishment of a certain public highway. The return to the writ showed a petition for the road, notice given upon the filing of said petition for meeting to hear reasons for and against its prayer on September 12, 1903, affidavit of posting notice, survey of the proposed road, final order laying out the road, certificate filed with the justice for the assessment of damages, docket entries of the justice, verdict of the jury, and judgment of the justice for damages awarded, etc.

The circuit court entered an order, quashing the proceedings, and holding them invalid and wholly without effect for establishing a public highway, and ordering that the petitioner recover from the defendants his costs. This writ of error is sued out for the purpose of reversing said order or judgment of the circuit court.

F. J. PENICK, W. I. MANNY, and S. A. HUBBARD, for plaintiffs in error.

VANDEVENTER & WOODS, and JAMES L. STAKER, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

When the return is made upon the issuance of the common law writ of *certiorari,* it is the duty of the superior tribunal, which in this case was the circuit court, to try the case upon the record alone. The record, as it is returned in obedience to the writ, must be inspected, and the only matter to be determined is, whether the inferior tribunal had jurisdiction or not, or whether it exceeded its jurisdiction, or otherwise proceeded in violation of law. The matter cannot be tried upon the allegations, contained in the petition for the writ, or on facts not contained in the record returned. (*Commissioners of Highways* v. *Supervisors of Carthage,* 27 Ill. 140; *Whittaker* v. *Village of Venice,* 150 id. 195; *Troxell*

v. *Dick,* 216 id. 98). In *McManus* v. *McDonough,* 107 Ill. 95, it was said: "In a proceeding of this character, the trial must be had on the record of the proceedings as returned, and oral evidence cannot be heard to aid or contradict the record." The proceedings, as returned in obedience to the writ, show the original petition to the commissioners of highways of the town of McKee, praying them to proceed to lay out the road in question, and cause it to be opened according to law. The petition is dated July 27, 1903, purports to be signed by petitioners, who are two-thirds of the land owners, residing in the town within two miles of the route indicated, and describes the route and course of the road, which was to be of the width of forty feet. The petition also stated the names of the owners of lands, over which the road was to pass, mentioning, among other land owners, the defendant in error, Elmer C. Smith.

The proceedings show a notice, signed by the three commissioners of highways of said town of McKee, dated September 1, 1903, reciting that a petition had been presented to the commissioners to lay out a public road, giving its direction and course, and the names of the land owners over whose land the road was to pass, and reciting that the commissioners thereby gave notice that they had "fixed on the 12th day of September, 1903, at the hour of ten o'clock in the forenoon of said day at the beginning point of said proposed road, as above described, as the time and place they will meet and examine the route of said road, and to hear reasons for and against the laying out of the same, when and where all persons interested can be heard." There was an affidavit attached to this notice, signed and sworn to by one of the commissioners, saying that he posted up exact copies of the notice in five of the most public places in said township of McKee on September 2, 1903, naming such places.

The minutes of the proceedings of the commissioners show that they met on September 1, 1903, at the town hall of McKee township and fixed upon September 12, ten o'clock

A. M. as the time, and the east end of the road as described in the petition as the place, to meet to hear reasons for and against the laying out of the proposed road; and ordered notices posted accordingly. The proceedings also show that, on September 12, 1903, two of the commissioners only, (the third being absent), met at ten o'clock at the east end of the road described in the petition pursuant to notice to hear reasons for and against the laying out of the proposed highway. The absent commissioner agreed to the time and place of holding the meeting, and was notified of the same. At the meeting of September 12, 1903, the commissioners viewed the route proposed, and heard reasons for and against the road, and adjourned to meet September 17, 1903, at two o'clock P. M. in the post-office at Haselwood.

The proceedings show that, on September 17, 1903, the commissioners of highways met in the store-room at Haselwood post-office in said town pursuant to adjournment, the three commissioners being present, and that they made an order granting the prayer of the petition for the new road, and agreed upon filing a certificate with the justice of the peace to have the damages assessed in favor of the claimants, over whose lands the proposed road would run, and also agreed upon having the route surveyed, and adjourned their meeting to meet again at the east end of the proposed road, as described in the petition, to have the proposed route surveyed, and negotiate with defendant in error, and other heirs of the Smith estate, on the amount of damages. On September 30, 1903, the commissioners of highways met on the route of the proposed road, as described in the petition, to have the same surveyed and to negotiate with Elmer C. Smith, and other Smith heirs, on the amount of damages claimed, at which meeting the three commissioners of highways, the deputy county surveyor, and Elmer C. Smith, the defendant in error, were present, with others; and the survey was made, after negotiations with Elmer C. Smith and others as to the route on which they preferred the road to

run, discussing the amount of damage said Elmer C. Smith and other Smith heirs would claim on the different routes mentioned. On November 3, 1903, at Haselwood, two of the commissioners of highways being present, and the other being notified of the meeting, the commissioners agreed on November 9, ten o'clock, at Haselwood, to pass on final order in road case, and ordered notices posted according to law. On November 9, 1903, at Haselwood the three commissioners met pursuant to notices, and heard reasons for and against the proposed road, and signed final order for public highway, as described in the order and survey of the deputy county surveyor.

On November 9, 1903, the commissioners entered a final order, reciting that on September 1, 1903, they received a petition in writing for the laying out of said road; that they fixed on September 12, 1903, at ten o'clock as the time when, and the beginning of the road as the place where, they should meet to examine the route of said proposed road, and hear reasons for and against the laying out of the same, and gave ten days' notice of the time and place of said meeting by posting notices thereof in five of the most public places in said town in the vicinity of said proposed road; and also making the following recital: "Having met at the time and place appointed, we did adjourn said meeting after due notice until the 17th day of September, A. D. 1903, at the hour of ten o'clock in the forenoon of said day, the same being within ten days from the time of the first meeting, to meet again at Haselwood in said town of McKee, and having met at the time and place appointed for such adjourned meeting, at the time last aforesaid, and having examined the route of said proposed road, in said petition described, and having heard such reasons as were offered for or against the laying out of said proposed road, were of the opinion that the laying out of said proposed road was necessary and proper and that the public interest would be promoted thereby;" and after stating that a survey and plat of said road had been

made and duly reported, etc., and that they had ascertained the aggregate amount of damages, to which the owners of the lands, over which said proposed road was to pass, were entitled, and said damages had been definitely fixed by the verdict of a jury, empaneled and sworn for that purpose, and that, on the 9th of November, 1903, at ten o'clock A. M. at Haselwood, they held a meeting and determined on the laying out of said proposed road, of which meeting they gave public notice by causing three notices to be posted in public places in said town five days prior thereto, etc., it was therefore ordered and determined that said road be and was thereby laid out, describing the direction of the road.

The proceedings as returned also show a certificate, dated September 24, 1903, signed by the three commissioners, to Frederick Kaylor, justice of the peace, asking for a jury to assess the damages. The various proceedings, taken before the justice in the matter of assessing the damages, are set forth. Summons to appear before the justice was served on Elmer C. Smith on October 10, 1903. The jury returned their verdict on October 31, 1903, assessing the damages to the different property owners, and, among others, damages to the amount of $23.33 to Elmer C. Smith, the defendant in error. The entries upon the justice's docket show that on October 10, 1903, the defendant in error entered a special appearance for the purpose of making a motion, and not a general appearance. On October 30, 1903, the parties appeared for trial after a continuance, and an attorney specially appeared for defendant in error and others, and moved to quash the writ and the return, and moved to dismiss the case at the cost of the commissioners, which motion was overruled. Thereupon, a jury of six jurors was empaneled, an attorney appearing generally for Elmer C. Smith, and Elmer C. Smith, the defendant in error, also appearing personally for himself. On the same day, October 30, 1903, the court rendered judgment upon the verdict of the jury, and it is recited in said judgment as follows: "Jury appeared and are

duly sworn, and having heard the evidence offered, including the testimony of Elmer C. Smith and others, and arguments of J. L. Staker for Elmer C. Smith and others as claimants, and S. A. Hubbard for commissioners, the jury retired and returned their verdict in writing," etc.

The objection, urged in the circuit court to the proceedings of the commissioners of highways in laying out the public road involved in this case, is that the commissioners never posted a notice of the adjourned meeting, which they held to decide upon granting the petition, and that for this reason they were without jurisdiction to proceed. Section 33 of the Roads and Bridges act provides that, "whenever the commissioners shall receive any such petition, they shall fix upon a time when and place where they will meet to examine the route of such road, and to hear reasons for or against the altering, widening, vacating or laying out the same; and they shall give at least ten days' notice of the time and place of such meeting by posting up notices in five of the most public places in the township, in the vicinity of the road to be widened, altered, vacated or laid out." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3566). It is not claimed that the requirements of section 33 were not fully met. The notice, therein required of the time and place to examine the route of the road named in the petition and to hear reasons for or against laying out the same, was duly given, and notices were posted in five of the most public places in the township as the law required. The time fixed in the notice was September 12, 1903, and the place was "the beginning point of said proposed road." The commissioners met on September 12, 1903, at the beginning point of the proposed road; but they did not then and there decide upon granting the prayer of the petition. The prayer of the petition for laying out the road was granted on September 17, 1903, not at the beginning of the said proposed road, but at Haselwood in the town of McKee. The proceedings show that the commissioners adjourned on September 12, 1903,

to meet September 17, 1903, in the post-office at Haselwood, but they do not show, nor does the record returned anywhere show that any notice was posted in regard to the adjourned meeting to be held on September 17, 1903. Section 34 of the Roads and Bridges act provides that "the commissioners may, by public announcement, and by the posting of a notice at the time and place named for the first meeting, adjourn the meeting from time to time, but not for a longer period than ten days in all; and shall, at the first or such adjourned meeting, within said ten days, decide and publicly announce whether they will grant or refuse the prayer of the petition, and shall endorse upon or annex to the petition a brief memorandum of such decision, to be signed by the commissioners." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3566). It is claimed by counsel for defendant in error that the failure to post the notice, as required by section 34, ousted the jurisdiction of the commissioners to act. They had jurisdiction in pursuance of proper notice when they first met on September 12, 1903, at the beginning point of the proposed road, but when they adjourned their meeting, they adjourned to a different place from where they held the first meeting, and that place was Haselwood. The notices first given gave them jurisdiction to act on September 12, and at the beginning point of the new road. Could they have jurisdiction to act at another place after an adjournment, when no notice was posted, as required by section 34, either of the time to which the adjournment was taken, or of the place where the adjourned meeting was to be held? It is certainly true, so far as the record shows, that no notice was ever posted of any meeting to be held at Haselwood on September 17, 1903.

In *Hamilton* v. *Commissioners of Highways*, 203 Ill. 269, where, in a case of this kind, the statute required the justice of the peace, before whom the damages were assessed, to continue the hearing for a period not exceeding twelve days where service was made upon any one of the

217—17

owners by posting notices, and it appeared that the justice, instead of continuing the case, according to the requirement of the statute, proceeded with the trial and rendered final judgment, it was said (p. 271) : "The notices required to be given by the statute in proceedings of this character are jurisdictional, and unless they have been given in proper time and in a proper manner, before the hearing, the commissioners and the justice of the peace are not authorized to act.—*Commissioners of Highways* v. *Harper,* 38 Ill. 103; *Frizell* v. *Rogers,* 82 id. 109." It is true that in *Wright* v. *Commissioners of Highways,* 145 Ill. 48, the commissioners of highways met at the residence of the town clerk to consider the petition for a highway, and thereupon adjourned, and public announcement was made by the chairman of the board of the adjournment, and notice was posted, but at Sugar Grove school house about a mile and a half from where the town clerk, Wilson, resided, and it was there insisted that, as the notice was not posted at the place of meeting, the commissioners lost jurisdiction to proceed at the meeting of March 2; and we said in that case (p. 54) : "Wilson, where the first meeting was held, did not reside on any public road, while the school house, where the notice was posted, was located where two public roads cross, and hence was a more public place for a notice to be posted than the residence of Wilson, and no doubt for this reason the notice was posted at that place. Strictly the statute required the notice to be posted at the place where the commissioners met, but the failure to conform to the letter of the statute was a mere irregularity, which did no harm and did not affect the jurisdiction of the commissioners." Counsel for plaintiffs in error rely upon the case of *Wright* v. *Commissioners of Highways, supra,* as holding that the failure to post the notice of the time and place of the adjourned meeting was a mere irregularity. But it is to be observed that in the *Wright case* a notice of the adjourned meeting was posted, but not at the place named for the first meeting. In the case at bar, however, no notice

of the time and place of the adjourned meeting was posted at all, either at the place of the first meeting, which was the beginning of the proposed road, or at Haselwood, where the adjourned meeting was to take place. It would seem that the commissioners would have no authority to act, unless they proceeded in strict conformity with the requirement of the statute, and, inasmuch as their adjourned meeting was held at a place as to which no notice whatever was posted, they were without jurisdiction.

In the final order, establishing the road, the commissioners say, "we did adjourn said meeting after due notice until the 17th day of September, A. D. 1903." But the recital, that due notice was given, is not sufficient in a case of this kind. The facts as to the posting of the notice must be recited in the order declaring the road a public highway. Such recital is a mere conclusion of law. Facts must be stated, from which the court is able to see that this conclusion is true. A *quasi* judicial tribunal of inferior jurisdiction should recite the facts, or preserve the facts themselves, upon which its jurisdiction depends. The record must show affirmatively that the notice, provided for in the statute, has been given, so that the court may be able to see either from the facts themselves, or specific recitals of those facts, that due notice was given. (*Shinkle* v. *Magill,* 58 Ill. 422; *Commissioners of Highways* v. *Harper,* 38 id. 103; *Frizell* v. *Rogers,* 82 id. 109; *Johnson* v. *Stephenson,* 39 Ill. App. 88; *Imhoff* v. *Commissioners of Highways,* 89 id. 66; *Hamilton* v. *Commissioners of Highways,* 203 Ill. 269; *Troxell* v. *Dick,* 216 id. 98). The provisions of the statute upon this subject are mandatory and not directory. (*Shinkle* v. *Magill, supra*).

It is said, however, by the plaintiffs in error, that defendant in error, Elmer C. Smith, appeared before the justice of the peace when damages were assessed, and introduced proof upon the trial on the question of damages; and that thereby he waived any right to object to the jurisdiction. The pro-

ceeding before the justice was a proceeding to condemn the right of way for the road over the land of defendant in error, and was before a judicial tribunal. The defendant in error entered a special appearance before the justice, and not a general appearance, for the purpose of making a motion to dismiss the proceeding. This motion was overruled, and the proceedings show that he afterwards appeared by attorney, and introduced evidence upon the trial of the case. His appearance before the justice was a waiver of any objection to the jurisdiction of the justice over his person, and was a waiver of any objections that he might have made to the service of notice or summons upon him, so far as the condemnation proceeding was concerned. But, it is well settled that jurisdiction over the subject matter cannot be conferred upon a court by consent of parties, nor can want of it be waived. (*Leigh* v. *Mason,* 1 Scam. 249; *Beesman* v. *City of Peoria,* 16 Ill. 484; *Peak* v. *People,* 71 id. 278).

The statute provides that, in case damages are not agreed upon with the land owner, the commissioners of highways shall make a certificate that they are about to establish a public road, describing the road and the land over which it is to be established, and naming the owners of the land, etc., and shall present such certificate to some justice of the peace of the county, who, on receipt of the same, shall, within five days, issue a summons against the land owners concerned, etc. The power of the justice of the peace to proceed in the matter by the issuance of a summons is derived from the certificate, filed with him by the commissioners of highways as required by section 41 of the Roads and Bridges act. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3569). The filing of the certificate of the commissioners with the justice is necessary to give the justice jurisdiction over the subject matter. If that certificate were not filed with the justice, he would have no jurisdiction to proceed to hear testimony and render judgment for the amount of the damages, even though he did issue a summons, and get personal service upon the land

owners. The commissioners of highways had no authority to present the certificate in question to the justice of the peace, unless they themselves had jurisdiction to proceed with the matter of establishing the highway. Without the posting of notices as the statute requires, the commissioners of highways had no power to proceed, and, therefore, no power to present the certificate to the justice of the peace. We are, therefore, of the opinion that, while the appearance of the defendant in error before the justice may have been a waiver of his right to object to the jurisdiction over himself, it could not operate as a waiver of any valid objection, which might exist to the jurisdiction of the justice over the subject matter.

Counsel for plaintiffs in error insist that this question was decided by the Supreme Court of Minnesota in *Kieckenapp* v. *Supervisors of the Town of Wheeling,* 64 Minn. 547, in accordance with their view, that is to say, that the appearance before the justice in the matter of assessing damages is a waiver of any objection to the jurisdiction. We have examined the Minnesota case referred to by counsel. It does not clearly appear from the recital of the facts in that case whether or not the Minnesota statute in regard to highways is similar in all respects to our own, but whether this be so or not, it appears in that case that the property owner was verbally notified of the meeting of the supervisors to consider the petition for the laying out of the road, and that he attended such meeting. There, the land owner not only took part in the proceeding for the award of damages, but he appeared at and attended the meeting to consider the petition for the laying out of the road. No such facts appear in the record in this case. It is not shown that the defendant in error appeared at the original meeting on September 12, 1903, at the beginning point of the proposed road, or that he appeared at the adjourned meeting on September 17, 1903, at Haselwood. Consequently, the Minnesota case is not on all-fours with the case at bar.

We are of the opinion that the highway commissioners were without jurisdiction to proceed with the laying out of the road by reason of the failure to post the notice, as required by section 34 of the Roads and Bridges act, and by reason of the facts and circumstances already stated. Consequently, the judgment of the circuit court quashing the proceedings was correct, and is affirmed.

*Judgment affirmed.*