THE TOWN OF AUDUBON, Defendant in Error, *vs.* J. W. HAND, Plaintiff in Error.

*Opinion filed December 17, 1907.*

1. HIGHWAYS—*when notice fixing place of meeting to examine proposed road is insufficient.* A notice of highway commissioners which purports, under section 33 of the Road and Bridge act, to fix the place for their meeting to examine the route of a proposed road and hear reasons for and against laying out the same, as "the site of the road," without naming any particular place on such site, does not designate any place of meeting such as is meant by the statute and is insufficient to confer jurisdiction.

2. SAME—*appeal by owner upon ground of want of jurisdiction does not recognize jurisdiction of commissioners.* An appeal by a land owner to the supervisors from an order of the highway commissioners upon the ground that the highway commissioners had no jurisdiction to make the order is not a recognition by him of such jurisdiction.

3. SAME—*a notice to land owners is essential to jurisdiction of highway commissioners to open road.* A notice to land owners, under section 33 of the Road and Bridge act, is essential to the jurisdiction of the highway commissioners to open a proposed road, and if the notice given is insufficient because no place is specified for their meeting except the "site of the road," which was a mile long and forty feet wide, and the owner of the land does not appear, the commissioners are without jurisdiction to lay out the road.

4. SAME—*when fact that commissioners walked over proposed road is immaterial.* The fact that the highway commissioners walked over the whole length of the proposed road is not material to the question of the legality of their action in opening the road, where the notice of their meeting specified the place of the meeting as "the site of the road" and not at any definite part thereof. (*Smith* v. *Commissioners of Highways,* 150 Ill. 385, distinguished.)

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. S. L. DWIGHT, Judge, presiding.

D. H. ZEPP, and JETT & KINDER, for plaintiff in error:

Notice of meeting at site of road is too indefinite and renders the proceedings of the commissioners void. *Harmon* v. *Highway Comrs.* 38 Ill. App. 237.

Notice of the time and place, and ten days' posting, to hear reasons for or against laying out a road under section 33 of chapter 121, Hurd's Revised Statutes of 1901, is jurisdictional and must be strictly followed. *Hamilton* v. *Highway Comrs.* 203 Ill. 269.

Whenever, in pursuance of law, the property of an individual is to be divested by proceedings against his will there must be a strict compliance with all the provisions of the law, which is made for his protection and benefit. *Hyslop* v. *Finch*, 99 Ill. 171; *Lewis* v. *Lindley*, 28 id. 143.

Want of jurisdiction over the subject matter cannot be waived. *Hammond* v. *Leavitt*, 181 Ill. 416; *Stubbings* v. *Evanston*, 156 id. 338; *Audubon* v. *Hand*, 223 id. 367.

Jurisdiction is the power to hear and determine the subject matter in controversy. If the commissioners have proceeded without jurisdiction, their order in laying out the road is void to every intent and for every purpose, and it must be so declared in every court in which it is presented. *People* v. *Seelye*, 146 Ill. 189.

In an action to recover a penalty for the violation of a statute the plaintiff must make out his case by a clear preponderance of the evidence. *Lewiston* v. *Proctor*, 27 Ill. 414; *Ruth* v. *Abingdon*, 80 id. 418; *Havana* v. *Biggs*, 58 id. 483; *Tully* v. *Northfield*, 6 Ill. App. 356.

LANE & COOPER, for defendant in error:

An order establishing a highway being proved, raises the presumption that all antecedent proceedings are regular. *Nealy* v. *Brown*, 1 Gilm. 10; *Dumoss* v. *Francis*, 15 Ill. 526; *Galbraith* v. *Littiech*, 73 id. 211; *Supervisors* v. *People*, 116 id. 474; *Trotter* v. *Barrett*, 164 id. 263.

Where a highway is collaterally in issue, *prima facie* proof of its existence is sufficient. *Railroad Co.* v. *Pound*, 22 Ill. 415; *Hankins* v. *Calloway*, 88 id. 160; *Henline* v. *People*, 81 id. 269.

In a suit where the existence of the highway is collaterally attacked, objections not jurisdictional will not be considered. *Henline* v. *People,* 81 Ill. 273; *Bailey* v. *McCain,* 92 id. 279; *Hankins* v. *Calloway,* 88 id. 160.

In the absence of affirmative proof to the contrary, the law will presume that all persons interested in the highway attended the meeting to hear reasons for and against granting the prayer of the petition. *Galbraith* v. *Littiech,* 73 Ill. 211; *Henline* v. *People,* 81 id. 271; *Supervisors* v. *Magoon,* 109 id. 149; *Highway Comrs.* v. *People,* 69 Ill. App. 329.

The record, which shows that the commissioners met at the site of the road and walked over the entire length thereof, is sufficiently definite as to the place of hearing reasons for and against the establishment of the road. *Smith* v. *Highway Comrs.* 150 Ill. 385; *Wright* v. *Highway Comrs.* 145 id. 54.

On an appeal from commissioners of highways to supervisors, the only question for determination before such supervisors is the propriety and expediency of laying out the new road. *Highway Comrs.* v. *Harper,* 38 Ill. 103; *Perry* v. *Bozarth,* 95 Ill. App. 574.

An appeal presupposes, and indeed is, a recognition of jurisdiction. *Frizell* v. *Rogers,* 82 Ill. 109.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 4, 1903, the commissioners of highways of the town of Audubon, in Montgomery county, made an order purporting to lay out a public highway one mile in length and of the width of forty feet, which crossed lands of the plaintiff in error, J. W. Hand. He appealed to three supervisors on the ground that the commissioners had no jurisdiction to lay out the road, and the supervisors reversed the order of the commissioners on that ground. The circuit court of Montgomery county allowed a writ

of *certiorari* to review the record of the proceedings of the supervisors and quashed said proceedings. In September, 1903, the commissioners served notice on plaintiff in error to remove his 'fence from the alleged highway. He refused to do so and the commissioners removed the fence and he put it back. Another notice was served on him to remove the fence which he had replaced, and he did not remove it. The commissioners then brought suit in the circuit court of said county in the name of the town of Audubon, defendant in error, in an action of debt to recover the penalty prescribed by the statute for 'obstructing a public highway. Plaintiff in error pleaded *nil debet,* and there was a trial by the court without a jury. The court found the issues against the plaintiff in error and entered judgment against him for three dollars debt and costs. He appealed to the Appellate Court for the Third District, and that court reversed the judgment without remanding the cause. A writ of error was sued out of this court by the defendant in error to review the judgment of the Appellate Court, and this court reversed the judgment of the Appellate Court on the ground that a freehold was involved and the Appellate Court had no jurisdiction. The cause was remanded to the Appellate Court with directions to dismiss the appeal. (*Town of Audubon* v. *Hand,* 223 Ill. 367.) Plaintiff in error then sued out a writ of error from this court to the circuit court of Montgomery county, and the record of that court is before us for. review.

To maintain the issues on the part of the plaintiff the final order of the commissioners purporting to lay out the road was offered in evidence, and it recited that on January 5, 1903, they received the petition for laying out the road; that they fixed upon January 16, 1903, at two o'clock P. M., as the time when and the site .of the road as the place where they would meet to examine the route of said road and hear reasons for or against the laying out of the same; that they gave ten days' notice of the time and

place of such meeting, and that they met at said time and place and decided to grant the prayer of the petition. The order also recited the subsequent proceedings which culminated in the order. The record of the town clerk recited the same facts; that the commissioners fixed upon said time, at the site of the road, as the time and place they would meet to examine the route, and that they met at the designated time at the site of the road and viewed and examined the road and decided to grant the petition. Neither in the order nor the record of the town clerk, nor elsewhere, was there anything to show that the defendant had appeared at the site of the road or in any of the proceedings.

Section 33 of the act in regard to roads and bridges in counties under township organization, in force July 1, 1883, (Laws of 1883, p. 136,) requires commissioners of highways, when they receive a petition for laying out a new road, to fix upon a time when and place where they will meet to examine the route of the road and hear reasons for or against laying out the same, and to give notice of the time and place of such meeting as therein provided. In the case of *Corley* v. *Kennedy,* 28 Ill. 143, in explaining the mandatory character of such provisions, the court said: "This proceeding only exists by virtue of the statute. All the officers and persons acting in the location of roads derive all their authority from the statute, and in exercising the powers thus conferred they must conform to its requirements. It is not for them to abrogate or dispense with its provisions." The position of the plaintiff at the trial of this case was, that a notice which specified the site of the road as the place of meeting was a compliance with the statute, and the court adopted that view and refused a proposition tendered by the defendant that a notice to meet at the site of the road was too indefinite, and that an order of the commissioners laying out a road under such a notice was void. It is here contended that the site of a proposed road forty feet wide and a mile long is a

place, and perhaps it is; but so is a city, village or town a place, and no one would say that a notice for a meeting to hear reasons for or against laying out a road, which specified only a city, village or town as the place of meeting, would be a compliance with this statute. The sense in which words are employed by the legislature must often be determined from the object or purpose which the legislature had in view. The term "place" is very indefinite, and the extent of the locality designated by it must generally be determined by the connection in which it is used. (22 Am. & Eng. Ency. of Law,—2d ed.—p. 829.) The term has been held to even apply to a county or country as a locality, but the purpose of this statute is to provide a designated place where those interested may appear and offer reasons for or against the laying out of the road. A city might properly be designated as the place of residence of an individual, while it would not answer the requirements of a statute as his place of residence where a notice or summons is to be left. A city, town or village would sufficiently describe the place of the publication of a newspaper for giving a legal notice, but it would not be sufficient as designating the place of posting notices. As used in this statute the term means some definite point or locality, and the site of a proposed road one mile long is not such a place or locality.

It is urged that the place was named with sufficient definiteness under the decision in *Smith v. Commissioners of Highways*, 150 Ill. 385, and nearly two years after the order laying out the road was made the record was amended by inserting the statement that the commissioners walked over the entire length of the road, so as to correspond with a similar statement in that case. The place fixed for the meeting in the case relied upon was at the west end of the proposed road, which was a definite place, and it is immaterial where the commissioners walked or how far, unless they had acquired jurisdiction to act in the matter.

The giving of notice to the land owners was jurisdictional and the commissioners had no authority to act at all. (*Frizell* v. *Rogers*, 82 Ill. 109.) Plaintiff in error appealed from the order laying out the road but did not recognize the jurisdiction of the commissioners. His appeal was on the ground of want of jurisdiction, and the decision of the supervisors was on the same ground.

The judgment of the circuit court is reversed and the cause is remanded.                *Reversed and remanded.*