David Smith

*v.*

The Commissioners of Highways *et al.*

*Filed at Springfield April 2, 1894.*

1. Highway—*laying out a road—meeting to hear objections.* A meeting of the commissioners of highways on a petition to lay out a road was appointed to convene at the west end of the proposed road, to examine the route of the same and hear reasons for or against laying out the road. Record of this meeting was indorsed on the petition, as follows: "February 10, 1893.—Commissioners met at the beginning of the road mentioned within, at ten o'clock A. M., and walked over said road to the east end, and then, after hearing reasons for and against the location of said road, granted the prayer of the petition:" *Held,* that the record showed, with sufficient clearness, that the commissioners did, in fact, meet at the west end of the road.

2. In such case it was wholly immaterial whether the hearing of reasons for and against the laying out of the road was had at the west end before, or at the east end after, the commissioners had viewed the route. Such meeting was one continuous proceeding.

3. Same—*presenting a second petition to lay out a road.* The fact that the commissioners of highways may have refused a petition for the laying out of a road is no bar to the presentation of a second petition for the same purpose. Section 48, which prohibits the filing of a second petition within two years, relates only to cases where an order has been granted for laying out the road, and damages are assessed, and the commissioners, or, in case of an appeal, the supervisors,

are of opinion that the damages assessed are too high, so as to be an unreasonable burden upon the tax-payers.

4. Certiorari—*when and for what it lies.* The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions, when it appears that they have exceeded the limits of their jurisdiction, as, in cases where they have proceeded illegally, and no appeal is allowed, and no other mode is provided for reviewing the proceedings.

5. Same—*purpose—mode of trial—judgment.* The purpose of the writ is to have the entire record of the inferior tribunal brought before the superior court, to determine whether the former had jurisdiction, or has exceeded its jurisdiction, or has failed to proceed according to the essential requirements of the law. The trial is solely by inspection of the record, no inquiry as to any matter not appearing by the record being permissible; and if the want of jurisdiction or illegality appears by the record, the proper judgment is that the record be quashed.

6. Same—*when not the proper remedy—matters considered.* Where the controversy involves the investigation of facts not appearing in the record, *certiorari* is not the proper remedy. When brought to test the legality of proceedings to lay out a highway, a former proceeding for the laying out of a road over the same route is not a part of the record sought to be reviewed, and can not be considered.

Writ of Error to the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. Charles M. Peirce, for the plaintiff in error:

The commissioners of highways are purely creatures of the statute, and have no power outside of that conferred upon them by the statute. *Brauns* v. *Town of Peoria,* 82 Ill. 11.

The commissioners of highways are bound to give notice of the time and place for hearing reasons for and against laying out the road, and for a failure to comply with this they lose jurisdiction. Starr & Curtis' Stat. chap. 121, sec. 33; *Frizell* v. *Rogers,* 82 Ill. 109.

It is made the duty of the commissioners, by the statute, to meet at the time and place, and, if necessary, to adjourn from time to time, or from one place to another, by making public announcement and by posting notices. Starr & Curtis' Stat. chap. 121, sec. 34.

For failure to comply with any or all requirements of the statute the commissioners lose jurisdiction. *Comrs. of Highways* v. *Harper,* 38 Ill. 104; *Comrs. of Highways* v. *Hoblit,* 19 Bradw. 259; *Frizell* v. *Rogers,* 82 Ill. 109; *Wood* v. *Comrs. of Highways,* 62 id. 391.

There can be no consideration of the petition for the laying out of a new road beginning and ending at the same place, within the statutory limitation of two years. Starr & Curtis' Stat. chap. 121, sec. 48.

It will be contended in this case that the latter point made by appellant is inapplicable, for the reason that the road called for in the petition of December 10, 1892, and the one in the petition under which this proceeding is had a few days later, were of different widths. But it will be admitted that the said road to be laid out by each of the said petitions was to begin and end at the same point, and in all other respects the said road was to be the same, except the variation of a few feet in width. This we deem will not avoid the statute on this point, as it has been held repeatedly that the beginning and terminus of the road determine whether it is the same road or not. Starr & Curtis' Stat. sec. 48, *supra; Ford* v. *Dunbury,* 44 N. H. 388; Haines on Township Organization, 153, note 5; *Shinkle* v. *Magill,* 58 Ill. 422.

Mr. Owen T. Reeves, for the defendants in error:

The commissioners met at the place and at the time fixed in their notice, and after meeting at that place, where all persons desiring to present reasons for or against the location of the road were required to be present, the commissioners, and presumably those sufficiently interested to be present, walked over the line of the proposed road, three-quarters of a mile, to view the line, as the commissioners were required by the statute to do, and then, when they had reached the east end of the proposed road, they heard the reasons for and against the location, as the record recites.

The inhibitory provisions of section 48, chapter 121, of the Revised Statutes, (Starr & Curtis,) only apply to a case where, in the course of the proceedings in relation to a road, there has been an assessment of damages made by a jury, either while the case is before the commissioners or on appeal to supervisors, and the commissioners in the one case, and the supervisors in the other, shall be of opinion the damages so assessed by the jury are manifestly too high, and the payment of the same would be an unreasonable burden upon the taxpayers of the town, and being of this opinion, the commissioners, or the supervisors, as the case may be, have, by a written order, revoked all proceedings in the case and filed a copy of such order in the town clerk's office, then no other proceedings shall be had by the commissioners of highways, nor any petition entertained in regard to the same road, for two years from the date of filing such order of revocation.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a common law writ of certiorari, issued by the Circuit Court of McLean county, to review certain proceedings in relation to laying out a new road in Hudson township in that county. It appears from the return made by the commissioners of highways, and by the justice of the peace before whom the certificate of the determination of the commissioners to lay out the new road had been filed for the purpose of obtaining a jury for the assessment of damages, that a petition dated December 30, 1892, asking that a new road of the width of fifty feet be laid out over a prescribed route between two designated points, signed by the requisite number of land owners residing within two miles of the road to be laid out, was presented to the commissioners of highways; that at a meeting of the commissioners held January 28, 1893, the petition was received and an order entered thereon appointing a meeting to be held at the west end of the proposed road on

February 10, 1893, for the purpose of going over the road, and of hearing reasons for and against laying out the same, and directing that notices of such meeting be posted, and notices of such meeting were thereupon drawn up and signed by the commissioners, reciting the presentation of the petition and giving notice that the commissioners had fixed upon February 10, 1893, at the hour of ten o'clock in the forenoon, at or near the residence of William Morrow, at the west end of the proposed route, as the time and place of their meeting to examine the route of the proposed road, and to hear reasons for or against laying out the same, when and where all persons interested could be heard; that five copies of this notice were duly posted up in five public places in the township ten days prior to the day appointed for the meeting.

It then appears from the order indorsed by the commissioners on the petition at the meeting thus appointed, as follows: "February 10, 1893. Commissioners met at the beginning of the road mentioned within, at 10 o'clock, A. M., and walked over said road to the east end, and there, after hearing reasons for and against location of said road, unanimously declared in favor of granting prayer of petitioners, and adjourned."

The first point made is, that the meeting of the commissioners at which reasons for or against laying out the road were heard, was held at the east end of the road instead of the west end, as appointed and advertised, and that the plaintiff in error and others were thereby deprived of an opportunity to be present and be heard in opposition to laying out the road, and that by holding the meeting at a place different from the one appointed, the commissioners lost jurisdiction of the proceeding. We think that the point thus raised is without substantial foundation in fact. The meeting was appointed to convene at the west end of the proposed road, at 10 o'clock, A. M., of February 10, 1893, and its purpose was, to go over the road and view the proposed route, and hear reasons for and against laying out the road. The record shows

with sufficient clearness, that the commissioners did in fact meet at the time and place appointed. The place of meeting, it is true, is described in the order as at the beginning of the road. This description doubtless would, of itself, be ambiguous, but as the order recites that, after convening, they walked over the road to the east end, it is sufficiently plain that the place of meeting was at the west end. The fact that the commissioners, after meeting at the time and place appointed, and of course after all who desired to be there at that time had had an opportunity to assemble, walked over the road to the other end, and after viewing the route, heard reasons for or against laying out the road, deprived no one interested of a hearing, and was not an irregularity which had any tendency to deprivé the commissioners of jurisdiction. The very purpose of the meeting was to go over the route of the proposed road, and after those who desired to be heard upon the question of the propriety of laying it out had assembled or had an opportunity to assemble at the place appointed for the meeting, it was wholly immaterial whether the hearing of reasons for and against the laying out of the road was had at the west end before, or at the east end after, the commissioners had viewed the route. The meeting was one continuous proceeding, and so far as the record discloses, it was conducted in all respects in a proper manner.

The only other point urged by counsel is, that a former petition for laying out a new road over the same route and with the same termini, having been denied by the commissioners of highways within two years, the commissioners were precluded, by the provisions of section 48, of chapter 121, of the Revised Statutes, from entertaining or granting the present petition.

The fact that a former petition had been denied in no way appears in the record brought up for review by the writ of certiorari and we know of no rule which permits the investigation, by means of this writ, of facts not appearing upon

such record. It has been repeatedly held by this court, that the common law writ of certiorari may be awarded to all inferior tribunals and jurisdictions where it appears that they have exceeded the limits of their jurisdictions, or in cases where they have proceeded illegally, and no appeal is allowed, and no other mode is provided for reviewing their proceedings. The purpose of the writ is to have the entire record of the inferior tribunal brought before the superior court to determine whether the former had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law. The trial is solely by inspection of the record, no inquiry as to any matter not appearing by the record being permissible, and if the want of jurisdiction or illegality appears by the record, the proper judgment is that the record be quashed. But where the controversy involves the investigation of facts not appearing upon the record, certiorari is not the proper remedy. *Commissioners of Drainage District* v. *Griffin,* 134 Ill. 330, and authorities there cited.

Here nothing is properly brought before the court by the writ outside of the proceedings under the petition in pursuance of which the road in question was ordered to be laid out. A former proceeding, though it may have been for laying out a road over the same route, is not a part of the record thus sought to be reviewed, nor is such former proceeding in any way disclosed by or alluded to in the record brought up by the writ. Such former proceeding is brought before the court only by the introduction of evidence *dehors* the record, and that, upon well established rules, is inadmissible in cases of this character.

It seems, however, that at the hearing in the Circuit Court, the record of the proceedings under the former petition was admitted in evidence without objection, or indeed by the express consent of counsel, and while its admission was irregular, we are disposed to consider the case as though the facts thus disclosed were properly before us. It appears from the

evidence thus admitted that a petition, dated July 22, 1892, and signed by the requisite number of property-owners, asking for the laying out of a new road sixty feet in width over the same route, was presented to the commissioners, and that such proceedings were thereupon had thereon, that an order was entered by the commissioners under date of December 10, 1892, denying such petition, such order being entered at the meeting appointed by the commissioners to hear reasons for and against laying out the road. The question is thus presented whether section 48 of the Road Law has any application to a case of this character. That section is as follows: "In cases where the damages are not wholly released or agreed upon, and the commissioners in case no appeal has been taken, and the supervisors in case an appeal is taken, shall be of opinion that the damages assessed by the jury are manifestly too high, and that the payment of the same would be an unreasonable burden upon the tax-payers of the town, the commissioners or the supervisors who heard the appeal, as the case may be, may revoke all proceedings had upon the petition, by a written order to that effect, and such revocation shall have the effect to annul all such proceedings and assessments, releases and agreements, in respect to damages growing out of the proceedings upon the petition: *Provided,* upon the final determination of the commissioners of highways, or the supervisors, upon appeal, being determined, and a copy of all such proceedings being filed in the town clerk's office, no other proceedings shall be had by the commissioners of highways, nor any petition entertained in regard to the same road or petition, for two years from the date of filing such copies of proceedings; and after two trials as aforesaid, if the decision be the same, no other petition shall be entertained for the same until the expiration of three years from the filing of the last proceeding."

It is plain that this section relates only to cases where an order has been entered granting the petition for laying out the

road, and damages are assessed in the mode pointed out by the statute, and the commissioners, or in case of an appeal, the supervisors, are of the opinion that the damages assessed are too high, so as to be an unreasonable burden upon the tax-payers. In such case, authority is given to the commissioners, or to the supervisors in case of an appeal, to revoke and annul all proceedings had upon that petition, and when that is done, it is provided that no other petition shall be entertained in regard to the same road for two years thereafter. This doubtless was intended to prevent repeated assessments of damages, with power on the part of the commissioners to set them aside, until one could be procured low enough to satisfy them. It is easy to see that an unrestricted power on the part of the commissioners in that respect might be liable to great abuse, and be made the instrument of oppression, and therefore doubtless it was provided that where it had been once exercised, it should not be exercised again within the period of two years. But it is very clear that the section can have no reference to cases where no damages have been assessed, but the action of the commissioners has been, as in this case, to simply deny the petition for laying out a road. In such case, we know of no statute and are referred to none which prohibits the repeated presentation to the commissioners of petitions for laying out the same road.

At the hearing, the Circuit Court held that no ground was shown for setting aside the proceedings sought to be reviewed, and entered an order quashing the writ of certiorari, and in that result we are disposed to concur. The judgment will therefore be affirmed.

*Judgment affirmed.*