### John Randecker v. Commissioners of Highways.

1. CERTIORARI—*Opening Highways—What Can be Reviewed Upon.*— Upon a common law writ of certiorari, no fact outside of the record can be considered. The question whether commissioners of highways have exceeded their jurisdiction or proceeded according to law can only be determined from an inspection of the record.

2. HIGHWAYS—*Statute of Limitations—Proceedings to Open, etc.* —Section 48, Chap. 121, R. S., providing that upon the final determination of the commissioners in proceedings relating to the opening of highways, etc., no other proceedings shall be had nor any petition entertained in regard to the same road for two years, etc., relates only to cases where an order has been entered granting the petition and damages assessed, and the commissioners or the supervisors on appeal are of the opinion the damages are too high, so as to be an unreasonable burden upon the taxpayers.

Certiorari.—Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

D. F. LAWLEY, attorney for appellant.

D. & T. J. & J. M. SHEEAN, attorneys for appellees, contended that upon certiorari at common law, it can only be

inquired, first, whether the inferior court has exceeded its jurisdiction, and second, whether it has proceeded according to law; and this can only be determined from an inspection of the record. No fact can be considered unless it is a part of the record. Blair v. Sennott, 134 Ill. 78; Commissioners v. Griffin, 134 Ill. 330.

Mr. Justice Harker delivered the opinion of the Court.

Appellant filed a petition in the Circuit Court for the purpose of reviewing by certiorari certain proceedings of appellees as highway commissioners whereby a public road running along the south line of appellant's land was altered and widened.

A writ issued, to which appellees made return showing in full the proceedings. The Circuit Court held them sufficient, quashed the writ and rendered judgment against appellant for costs.

By the order widening the road a narrow strip of appellant's land, containing forty-two hundredths of an acre, was condemned. As they were unable to agree as to the damages they were assessed at $27 before a justice of the peace.

Appellant's chief ground of complaint is that the strip taken is so situated that it leaves triangular shaped pieces of his land projecting within the line of the road at the east end and the west end of the strip, leaving the road only twenty-five feet wide at the points where it passes said triangular piece instead of fifty, as contemplated by the proceedings, by which, he contends, the widening of the road is rendered valueless to the public and he is deprived of the use of his land.

Appellant is not supported in his contention by the record of the proceedings had by the commissioners, but to sustain it he sought to show upon the trial, by the testimony of one Preston T. Hicks, a surveyor, that there is land belonging to appellant lying between the center line of the road and land taken from appellant by the commissioners which had never been paid for; that the survey of the com-

missioners is incorrect and does not include the land described in the petition granted by them. He also offered in evidence a map made by such surveyor, which demonstrated, as he contended, the correctness of his position. The court rejected the testimony and the map, and, we think, rightfully.

Whether the commissioners exceeded their jurisdiction or proceeded according to law could only be determined from an inspection of the record. Upon a common law writ of certiorari no fact outside of the record can be considered. Hyslop v. Finch, 99 Ill. 171; Donahue v. Will Co. et al., 100 Ill. 94; Deer v. Commissioners, 109 Ill. 383; Blair v. Sennott, 134 Ill. 78; Commissioners of Drainage District v. Griffin et al., 134 Ill. 330.

Prior to the presentation of the petition upon which the order complained of was granted, a petition dated in January, 1894, was presented to the commissioners praying for the widening of the road. It appears that the preliminary action of the commissioners was favorable to the petition, and it was granted. But when the parties appeared before a justice of the peace, for the purpose of having a jury assess appellant's damages, he moved to quash the proceedings, and thereupon the commissioners agreed to stop further proceedings, and judgment was rendered against them for costs. Appellant contends that the preliminary order granting the first petition stands unrevoked, and that the commissioners had no authority to entertain the petition upon which their proceedings are based within the period of two years. This contention is made under Sec. 48, Ch. 121, of the revised statutes. To it a sufficient answer would seem to appear in the fact that the proceedings on the first petition were abandoned upon the motion of appellant to quash. The commissioners in effect confessed the ground for his motion, and the preliminary action should be considered as never having passed.

This case does not fall within the inhibition contained in section 48. In Smith v. Com'rs of Highways, 150 Ill. 385, our Supreme Court says: " It is plain this section relates

only to cases where an order has been entered granting the petition for laying out the road, and damages are assessed in the mode pointed out by the statute, and the commissioners, or in case of an appeal, the supervisors, are of the opinion the damages are too high, so as to be an unreasonable burden on the taxpayer." No damages were assessed under the first petition.

As there was no ground for a writ of certiorari, and the questions sought to be raised by appellant could not be raised by certiorari, the judgment quashing the writ should be affirmed.

Judge CARTWRIGHT, having tried this case on the circuit, took no part in the decision here.