HERMAN BEHRENS

*v.*

COMMISSIONERS OF HIGHWAYS OF MELROSE TOWNSHIP.

*Opinion filed November 8, 1897—Rehearing denied December 9, 1897.*

1. HIGHWAYS—*sufficiency of petition for laying out a road for public and private use.* Under section 54 of the Road and Bridge act, as amended in 1891, (Laws of 1891, p. 190,) highway commissioners are authorized to take steps to lay out a road "for private and public use," upon petition signed by one person directly interested.

2. SAME—*requirements of section 31 of Road and Bridge act do not apply to roads for private and public use.* The requirements of section 31 of the Road and Bridge act of 1883, (Laws of 1883, p. 146,) concerning the signing of petitions for public roads by not less than twelve land owners or two-thirds of the owners residing within certain limits, do not apply to petitions for roads for private and public use provided for in section 54 of that act, as amended in 1891.

3. SAME—*when notice of final meeting of commissioners is sufficient.* Section 47 of the Road and Bridge act does not require that the notice given thereunder of a meeting of the highway commission-

ers to finally determine upon the laying out of a road shall contain an accurate description of the proposed road, and the notice is sufficient to give the commissioners jurisdiction to act where it refers to other papers on file in the proceedings, which contain a full and accurate description thereof.

4. CERTIORARI—*when writ must be dismissed as having been improvidently issued.* A common law writ of *certiorari* must be dismissed as having been improvidently issued, where, upon inspection of the record returned in obedience to the writ, it appears that the inferior tribunal had jurisdiction and proceeded according to law.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

This is a common law writ of *certiorari* in the circuit court of Adams county, issued on the petition of plaintiff in error, Herman Behrens, against defendants in error, commissioners of highways of Melrose township in said county and the justice of the peace in that county, requiring them to send up a complete record of the proceedings in regard to laying out a highway.

The defendants in error answered the petition, and, in their return thereto, filed a complete and full transcript of the record and proceedings demanded by the writ. The petitioner demurred to the answer and return of the respondents. Upon a hearing had, this demurrer was overruled; and the court found, that the writ of *certiorari* was improvidently issued, and ordered that the proceedings be dismissed at the cost of the petitioner. The present writ of error is sued out for the purpose of reviewing this judgment of the circuit court.

L. H. BERGER, for plaintiff in error.

AKERS & BABCOCK, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The petition makes two points against the validity of the proceedings to lay out the highway, as such proceedings are set forth in the return to the writ. In the first

place, it is claimed, that the commissioners had no jurisdiction, because the petition presented to them was not signed by at least twelve land owners, or by two-thirds of the land owners residing in the town within two miles of the road so to be laid out. The objection to the petition, which is alleged to be fatal to the jurisdiction of the commissioners to entertain it, is that it was signed by one person directly interested, to-wit: one Louis Watermann.

The act in regard to roads and bridges, being chapter 121 of the Revised Statutes, seems to provide for two classes of roads: *first*, public roads; and, *second*, roads for private and public use. Section 30 of said act provides what shall be the width of public roads. Section 31 provides, that the commissioners may "lay out any new road in their respective towns, when petitioned by any number of land owners, not less than twelve, or two-thirds of the land owners residing in such town within two miles of the road so to be * * * laid out." (3 Starr & Curtis, —2d ed.—p. 3564). Section 54 of the act provides, that "roads for private and public use, of the width of three rods or less, may be laid out from one dwelling or plantation of an individual to any public road, or from one public road to another, or from a lot of land to a public road, or from a lot of land to a public water-way, on petition to the commissioners by any person directly interested." (Ibid. 3574). Where such a road, as is specified in section 54, is to be laid out, the petition may be signed by any person directly interested. In the present case, the road petitioned for is evidently a road for private and public use, such as is described in section 54. The petition for the road, as set out in the return to the writ, asks that it may be laid out from a lot of land owned by the petitioner, Louis Watermann, consisting of sixty-five acres, to a certain public road, and that its width may be twenty feet. Inasmuch as the road here proposed to be laid out was one for private and public use, as defined

in section 54, it was not necessary, that the petition should be signed by any number of land owners not less than twelve, or by two-thirds of certain land owners, etc., as required by section 31. It was sufficient, that it was signed by one person directly interested. We are, therefore, of the opinion that the commissioners had jurisdiction, and that such jurisdiction was not wanting by reason of the fact, that the petition for the road was signed by only one person.

Counsel for plaintiff in error quotes the following sentence from said section 54, to-wit: "The commissioners, on receiving such petition, shall have power to lay out the road as asked for therein, to which end they shall proceed and examine into the merits of the case, and shall be governed in their proceedings by the rules and regulations prescribed in this act in relation to public roads." Section 31 above referred to is evidently designed to apply to public roads; and the sections, following said section 31, have reference to the mode of laying out such public roads. As that section requires the petition to be signed by not less than twelve land owners, or two-thirds of certain land owners, it is said by counsel, that such requirement in regard to the signing of the petition is one of the rules and regulations prescribed in the act in relation to public roads. Therefore, it is argued that, if the proceedings of the commissioners in laying out roads for private and public use are to be governed by the rules and regulations prescribed in the act in relation to public roads, the petition for the laying out of a road for private and public use should be signed as required by section 31. This view is not tenable. The rules and regulations referred to in section 54 are such rules and regulations, as are prescribed in the sections following section 31, but do not include the provisions in regard to signing the petition. The petition for such a road, as is named in section 54, is to be signed in a different way from that prescribed for the petition named in sec-

tion 31. But as to the proceedings subsequent to the filing of the petition, the same rules and regulations apply to both kinds of roads. The rules and regulations referred to in section 54 have reference to the provisions of the statute, which follow section 31, and which are commented upon in *Ravatte* v. *Race*, 152 Ill. 672. Sections 31 and 54 are easily reconcilable upon the theory, that the two classes of roads therein provided for differ as to the kind of petition required to be filed in the case of each, but are the same so far as all the other rules and regulations, which lie beyond the filing of the petition, are concerned.

It is claimed by counsel, that the notice set out in the proceedings for the laying out of the road is defective. The notice referred to is one, in which the commissioners state that before them "is now pending the matter of a proposed new road in said town of Melrose, on the petition of Louis Watermann," and that they will meet on November 18, 1895, at ten o'clock in the forenoon of that day at the town hall in the town of Melrose, "to finally determine upon the laying out of said road which is described as follows to-wit: commencing at a point one hundred and twenty feet west of the quarter section corner on the north line of section 23," etc. The objection made to the notice is, that there is an indefiniteness in the description of the starting point of the road. It is said, that there are three quarter section corners on the north line of section 23, one at each extremity, and one in the middle of said line, where the half section line runs from north to south through the middle of section 23.

The notice objected to is not the notice, required by section 33 of the act, but the notice required by section 47 of the act. (3 Starr & Cur.—2d ed.—pp. 3566, 3571). Section 33 provides, that, whenever the commissioners shall receive the petition, they shall fix upon a time when and place where they will meet to examine the route of said road, and hear reasons for and against the laying out

of the same; and that they shall give at least ten days' notice of the time and place of such meeting by posting up notices in five of the most public places in the township in the vicinity of the road to be laid out. Before the notice required by section 47 is given, the commissioners have met and examined the route, and heard the reasons for and against laying out the road; they have caused a survey and plat of the road to be made by a competent surveyor, and reported to them, giving the courses and distances, and specifying the land over which the road is to pass; and they have also presented to a justice of the peace of the county the certificate required by section 41, describing the road and the land over which it is to be established; and the damages to the property of those, who have not released their claims for damages, have been assessed by a jury. Section 47 provides, that, all the proceedings just mentioned having been taken, and "within ten days after the total amount of damages shall have been ascertained, either by release or agreement of the parties, or by assessment before a justice of the peace and a jury in the manner hereinbefore provided, the commissioners shall hold a meeting to finally determine upon the laying out    *    *    *    of such road, of which meeting said commissioners shall give public notice by causing not less than three notices thereof to be posted in public places within the town at least five days prior thereto." It will be observed, that section 47 does not require the notice therein mentioned to contain a description of the line or direction of the road itself. It is a notice of a meeting, at which the commissioners are to finally determine upon the laying out of the road. Here, the petition, which was filed for the road, asks for a new road to run over the following described route, to-wit: "commencing at a point on the said road running west on the said line between sections 14 and 23, etc.,    *    *    *    forty yards (or one hundred and twenty feet) west of the half section line running north and south through the center of section

23," etc. The petition describes the starting point of the road as being on the north line of section 23, one hundred and twenty feet west of the half section line running north and south through the center of said section 23. The petition thus designates the starting point as being the middle quarter section corner, and not a quarter section corner at either extremity of the north line. The notice of the meeting of November 18 refers expressly to the pending petition, and therefore refers to the description of the starting point therein contained. The certificate filed with the justice, asking for a jury to assess damages, also describes the starting point of the road in the same way, in which it is described in the petition. The justice of the peace issued a summons, as required by section 41, against the land owners, notifying them to appear at the assessment of damages before the jury. The record shows, that this summons was served upon the plaintiff in error. It also shows, that the original highway notice, given in accordance with the requirement of section 33, describes the starting point of the road as it is described in the petition. The record further shows, that, in response to the original notice given under section 33, the plaintiff in error appeared before the commissioners, when they examined the route of the proposed road, and gave the reasons why he did not desire the road to pass through his land. So far, therefore, as this record is concerned, it cannot be said that the plaintiff in error was misled in any way by the description of the route of the road in the notice given under section 47. But, independently of this consideration, the notice was sufficient. It referred to a quarter section corner on the north line of section 23. This did not designate a quarter section corner at either extremity of said line; and the only quarter section corner on the line was the one in the middle thereof, where the half section line runs north and south, dividing the section into east and west halves. In addition to this, the notice, as set forth in

the record, after describing the direction of the road as it runs south, closes as follows: "running thence west on section line to the south-west corner of said section 23." These last words can only be consistent with the previous description of the road, as set forth in the notice, upon the theory that the starting point of the road was in the middle of the north line of the section, instead of being at either extremity thereof. We are of the opinion, that the commissioners had jurisdiction to lay out the road; and that such jurisdiction was not wanting by reason of the alleged defect in the notice referred to.   This being so, the court below committed no error in finding that the writ of *certiorari* was improvidently issued, and in ordering that the proceedings herein should be dismissed.

The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions, where it appears that they have exceeded the limits of their jurisdiction, or have otherwise proceeded in violation of law.  (*Smith v. Comrs. of Highways,* 150 Ill. 385; *Whittaker v. Village of Venice,* id. 195).  When the return is made to the writ, the superior tribunal tries the case, not upon the allegations contained in the petition for the writ, nor upon any issue of fact, but by the record alone, as it is returned in obedience to the writ.  (*Whittaker v. Village of Venice, supra*). If the want of jurisdiction or illegality appears by the record, the proper judgment is that the record be quashed. (*Smith v. Comrs. of Highways, supra*).  But if, upon inspection of the record as returned in obedience to the writ, it appears that the inferior tribunal had jurisdiction, and proceeded according to the usual requirements of the law, then it follows the writ of *certiorari* was improvidently issued.  Accordingly, the proper order to be entered in such case is to dismiss the writ.  (*Wright v. Highway Comrs.* 150 Ill. 138).

The judgment of the circuit court is affirmed.

*Judgment affirmed.*