F. W. MATTHIESSEN, Defendant in Error, *vs.* CONRAD OTT
  *et al.*—(JULIA A. CLAYTON *et al.* Plaintiffs in Error.)

*Opinion filed June 24, 1915.*

1. CERTIORARI—*court awarding common law writ of certiorari
tries the case on record, alone.* The court awarding a common
law writ of *certiorari* to review the record of highway commis-
sioners tries the case upon the record, alone, and parol evidence is
incompetent to show what the proceedings were before the com-
missioners, if the law then in force required a record to be kept
of their proceedings.

2. SAME—*when right to sue out a writ is not barred by delay.*
Mere delay short of the statutory period for suing out a writ of
error will not bar the right to a common law writ of *certiorari,*
in the absence of any other elements of estoppel against the party
seeking the writ.

3. HIGHWAYS—*statutory requirement as to notice of hearing
is jurisdictional.* The statutory requirement as to notice by high-
way commissioners of the hearing on a petition to open a road is
jurisdictional, and if the commissioners proceed to a hearing with-
out notice, their action on the petition is void and there is nothing
to appeal from to the supervisors.

4. SAME—*when record of highway commissioners is properly
quashed.* If the highway commissioners proceed to a hearing on
a petition to open a road without giving any notice of the hear-
ing and deny the petition their record will be quashed on a com-
mon law writ of *certiorari,* notwithstanding the supervisors, on
appeal, granted the prayer of the petition.

5. SAME—*the failure of commissioners to give notice cannot be
waived.* The failure of highway commissioners to give any notice
of the hearing on a petition to open a road goes to the jurisdic-
tion of the subject matter, and is a defect which cannot be waived
or cured in any manner except to the extent that there may be a
waiver of jurisdiction of the person.

6. SAME—*when question of fraud and collusion cannot be tried
on writ of certiorari.* In a proceeding by a common law writ of
*certiorari* to review the record of highway commissioners on a
petition to open a road, the question whether the failure of the
commissioners to give any notice of the hearing was the result of
fraud or collusion between the highway commissioners and a cer-
tain land owner cannot be tried.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

BUTTERS & CLARK, for plaintiffs in error.

H. M. KELLY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition in the circuit court of LaSalle county for a common law writ of *certiorari* to review the action of the highway commissioners of Deer Park township, in LaSalle county, in a proceeding to lay out a road for private and public use. The petition for the road was presented by Julia A. Clayton and others to the commissioners June 7, 1909, under section 54 of the Road and Bridge act then in force. ' (Hurd's Stat. 1909, p. 1923.) The commissioners of highways, without giving "at least ten days' notice of the time and place" of hearing, as required by section 33 of said act, fixed the time of hearing for the following day, June 8, and denied the prayer of the petition. Plaintiffs in error thereupon took an appeal to three supervisors under the provisions of said Road and Bridge act, and an order was entered by said supervisors granting the prayer of the petition, and further proceedings were had which resulted in the assessing of damages at $733 to defendant in error for his lands taken for the road and the entry of a final order laying out said road, on November 12, 1910. Thereafter this writ of *certiorari* was sued out at the March term, 1911, of said circuit court and made returnable against said highway commissioners and the town clerk April 8, 1911, and thereafter the return day was extended to May 15, and the final return day was June 18, 1911. On June 26, 1911, plaintiffs in error appeared and obtained leave of court to file written motions

for leave to become parties, but no motions appear to have been filed until June 6, 1913, when plaintiffs in error filed a motion, supported by affidavits, to become defendants or appear as *amicus curiæ,* and for leave to enter a motion to quash the writ of *certiorari,* on the ground, first, that there were insufficient proper and necessary parties; second, that said defendant in error had been guilty of *laches,* and that he had procured said irregularities and defects mentioned in said petition for *certiorari* through fraud and by collusion with the commissioners of highways and other persons. After a hearing, the proceedings with reference thereto being preserved herein by a bill of exceptions, a cross-motion having been filed by defendant in error to strike plaintiffs in error's motion from the files, an order was entered denying said motion and denying plaintiffs in error's motion to become parties to the proceeding and to quash the writ, and further finding the highway commissioners did not have jurisdiction in the original proceedings to enter any legal or binding order. A judgment was thereupon entered quashing said proceedings before the highway commissioners. On appeal to the Appellate Court this judgment was affirmed, and the cause has been brought here on a petition for *certiorari.*

The record before us shows, and it appears to be conceded by both parties to this litigation, that the highway commissioners did not give "at least ten days' notice," as required by statute, before proceeding to a hearing on the petition to open said road. It has long been the settled law of this State that when the common law writ of *certiorari* has been awarded in a case like this and the record has been sent up, the court awarding the writ tries the case on the record, alone. (*Gerdes* v. *Champion,* 108 Ill. 137.) Parol evidence showing what the proceedings were before the highway commissioners is incompetent, as the action and proceedings of those officers can only be known by the

record of their proceedings, under the Road law then in force. (*People* v. *Madison County,* 125 Ill. 334; *Lees* v. *Drainage Comrs.* 125 id. 47.) Such records cannot be contradicted, added to or supplemented by extrinsic evidence. (*People* v. *Carr,* 231 Ill. 502.) The statutory requirements as to notice of proceedings to alter or lay out a road are jurisdictional, and unless complied with the public officials have no authority to act. (*Hamilton* v. *Highway Comrs.* 203 Ill. 269.) Where the record of the highway commissioners fails to show affirmatively that they have complied with the statute, any action that they may take must be held to be without jurisdiction and void. In such a situation there would be nothing to appeal from to the supervisors. The posting of notices of the time when and place where the commissioners will meet to hear reasons for and against laying out roads is jurisdictional, and the failure to post these notices cannot be cured in any manner whatever, the commissioners being without power to proceed, under any circumstances, with reference to the subject matter of the hearing. (*Troxell* v. *Dick,* 216 Ill. 98.) The provisions of the statute on the subject of notice are mandatory and not directory. (*Shinkle* v. *Magill,* 58 Ill. 422.) Jurisdiction over the person can be waived, but jurisdiction over the subject matter cannot be conferred by consent of the parties nor can want of it be waived. *Leigh* v. *Mason,* 1 Scam. 249; *Peak* v. *People,* 71 Ill. 278; *Highway Comrs.* v. *Smith,* 217 id. 250.

In the case last cited a condition of facts existed very similar to that found in the record before us. The highway commissioners failed to give all the notices required by statute, and thereafter, on a hearing before a justice of the peace in a proceeding to assess damages, an objecting property owner appeared and contested that question. This court, on the hearing of the common law writ of *certiorari,* held that the property owner, by so appearing, had

not waived his right thereafter to appear and question the jurisdiction as to the subject matter, the opinion saying on this point (p. 261) : "Without the posting of notices as the statute requires, the commissioners of highways had no power to proceed, and, therefore, no power to present the certificate to the justice of the peace. We are therefore of the opinion that while the appearance of the defendant in error before the justice may have been a waiver of his right to object to the jurisdiction over himself, it could not operate as a waiver of any valid objection which might exist to the jurisdiction of the justice over the subject matter." And this court there upheld the judgment of the circuit court quashing the proceedings before the highway commissioners. That decision, which is in line with all other decisions heretofore rendered by this court, must be held controlling on this point. Defendant in error could not waive the failure of the highway commissioners to give the notice required by statute before proceeding to a hearing on the petition of plaintiffs in error. That notice went to the jurisdiction of the subject matter and not to the jurisdiction of the person. The authorities cited by counsel for plaintiffs in error, such as *People* v. *Crowley,* 250 Ill. 282, are clearly not in point on this question and in no way conflict with what has already been said in this opinion.

Counsel for plaintiffs in error further argue that defendant in error should be estopped from suing out the writ of *certiorari* because of his delay in so doing. This court has said that "mere lapse of time, alone, short of the limitation for prosecuting a writ of error, will not bar the issuing of a common law *certiorari.*" (*Hyslop* v. *Finch,* 99 Ill. 171.) "To be barred by the *laches* of the petitioner it must appear that since the making of the record sought to be reviewed, and upon its assumed validity, something has been done so that great public detriment or inconvenience might result from declaring it invalid." (*Drainage Comrs.* v. *Volke,* 163 Ill. 243; *Schlosser* v. *Highway*

*Comrs.* 235 id. 214.)   There is nothing in this record to show that there has been any change in the situation of the parties, or any action affecting the public, from the time the petition was filed before the highway commissioners to open this road down to the time of the order of the circuit court quashing the proceedings before said highway commissioners.   The authorities relied on by counsel for plaintiffs in error on this point are distinguished in *Schlosser* v. *Highway Comrs. supra.*

Counsel further insist that the trial court erred in not allowing the plaintiffs in error to be made parties to this proceeding.  Obviously plaintiffs in error are in no sense proper parties to this writ to bring up the record before the highway commissioners, and the court did not err in that regard.

Counsel further argue that under the holding of this court in *People* v. *Lower*, 254 Ill. 306, they are entitled to a hearing on the question whether there was collusion between defendant in error and the highway commissioners in the proceedings taken before the latter as to opening this highway and in showing that the action of said commissioners in that regard was fraudulent.   So far as we can judge from this record they did have all the hearing they then desired on this question.   Without question, the trial court would have the right to hear evidence, if offered either by affidavit or otherwise, before ordering the writ, or after the writ was issued to show whether it had been improvidently done; but such evidence should be directed only to the question of issuing the writ or recalling it after it had been improvidently issued, and not as to the question of any fraud or collusion in the proceedings before the highway commissioners.   The decision as to whether such fraud or collusion existed (and we find no satisfactory proof in the record that any did exist) could not in any way affect the jurisdiction of the highway commissioners as to the subject matter of the proceeding for the opening

of the road.    Under the authorities already cited, if the highway commissioners failed to give the notice required by the statute, the question whether this failure was fraudulent or otherwise could not affect their jurisdiction as to the subject matter.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*