CHICAGO—FIRST DISTRICT—OCTOBER, 1916.    449

North v. Board of Trustees, Univ. of Illinois, 201 Ill. App. 449.

## Walter J. North, Administrator of the Estate of James W. North, Deceased, Appellee, v. Board of Trustees of the University of Illinois, Appellant.

### Gen. No. 21,432.

1. WORKMEN'S COMPENSATION ACT, § 3*—*when university not within.* A university, though using and handling explosives, inflammable fluids and molten metal in the course of giving instruction, is not engaged in an "enterprise" as designated in the Workmen's Compensation Act of 1913, sec. 3, par. (b), subd. 6, 7 [Cal. Ill. St. Supp. 1916, ¶ 5475(3)].

2. WORKMEN'S COMPENSATION ACT, § 13*—*when appellee estopped to object against incorporation of evidence and proceedings in bill of exceptions.* Where, on appeal from an order of the Circuit Court quashing a writ of certiorari to review proceedings before the Industrial Board under the Workmen's Compensation Act, the appellee, subsequently to the expiration of the time when a bill of exceptions could be filed, stipulated that the bill of exceptions might be incorporated into the transcript of the record, *held* that he could not object that the court was without authority to order that the evidence and proceedings before the Industrial Board be incorporated in the bill.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1915. Reversed and record of Industrial Board quashed. Opinion filed October 10, 1916.

OLIVER A. HARKER and MACCHESNEY & BECKER, for appellant; NATHAN WILLIAM MACCHESNEY, of counsel.

MARSHALL E. GALLION and EDWARD H. MORRIS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellee's intestate lost his life, December 5, 1913, from injuries arising out of and in the course of his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

450 · APPELLATE COURTS OF ILLINOIS.

North v. Board of Trustees, Univ. of Illinois, 201 Ill. App. 449.

employment for appellant as caretaker in the medical department of the University, by falling down an elevator shaft. Against appellant's protest that the Workmen's Compensation Act of 1913 did not apply to it, and that the Industrial Board was without jurisdiction in the matter, proceedings for compensation for said intestate's death were had under said act resulting in an award against appellant of $3,360.

Claiming that said Industrial Board had no jurisdiction to apply the act to the University of Illinois, appellant brought said proceedings before the Circuit Court on common-law certiorari, and this appeal from the court's action in dismissing the petition and quashing the writ raises the sole question whether appellant comes under the act in question.

The gist of appellee's argument for sustaining the court's order is, that appellant is an "employer" as defined by section 4 of said Act [Cal. Ill. St. Supp. 1916, ¶ 5475(4)], and engaged in an "enterprise" as designated in subdivisions 6 and 7, paragraph (b), section 3 of said Act [Cal. Ill. St. Supp. 1916, ¶ 5475(3)], reading as follows:

"6. Any enterprise in which explosive materials are manufactured, handled or used in dangerous quantities;

"7. In any enterprise wherein molten metal, or explosive or injurious gases or vapors or inflammable vapors or fluids, or corrosive acids are manufactured, used, generated, stored or conveyed in dangerous quantities."

The record discloses that except in the course of educational instruction the university is not engaged in any of the "occupations, enterprises or businesses" enumerated in said paragraph (b), but that in the course of instruction and for such purpose only, it uses explosive material and inflammable fluid in its chemical laboratory, and runs a foundry in which molten metal is used.

Chicago—First District—October, 1916.    451

North v. Board of Trustees, Univ. of Illinois, 201 Ill. App. 449.

It is conceded that appellant has not elected to accept the provisions of the act, and such election will not be presumed unless the employer is engaged in one of the occupations, enterprises, or businesses enumerated in section 3, paragraph (b) of said Act. (*Uphoff v. Industrial Board,* 271 Ill. 312.) If, as we think, appellant was not so engaged, then, it not having so elected, we need not discuss whether it is an "employer" as defined in section 4.

The question is, whether by the use or handling of such explosives, inflammable fluids and molten metal as aforesaid, appellant is engaged in an "enterprise" as designated in said quoted paragraphs 6 and 7. The record does not disclose the extent of their use. But whether "in dangerous quantities" or not, we do not construe the term "enterprise" as used in said act to apply to such a state of facts. The University was chartered to furnish instruction to students in various branches of learning. Neither the general nature and character of the work of educational instruction, nor the methods adopted in giving it, can properly be denominated an "enterprise" as that term is usually defined. (*Uphoff* case, *supra.*) Nor would they be brought within the definition of that term as employed in the statute merely by the incidental use and handling of the materials mentioned in the statute.

Were it otherwise, and appellant deemed an employer as defined in section 4, then each employee of the University, no matter how remote his employment from the use or handling of such materials, would be brought within the scope of the act, a construction we cannot regard as within its meaning and intent.

The authorities cited in the argument relate to very different situations, and throw so little light on the construction of section 3 that we shall not discuss them, nor dwell upon the many incongruities a different interpretation would produce.

452 APPELLATE COURTS OF ILLINOIS.

North v. Board of Trustees, Univ. of Illinois, 201 Ill. App. 449.

Reaching the conclusion, therefore, that mere methods of instruction in an educational institution involving the use of such materials, cannot be deemed as embraced within the term ''enterprise'' as used in said act, and that the facts disclosed in the proceedings before the Industrial Board did not give it jurisdiction to render a decision and make such award against appellant, we shall reverse the action of the court below in dismissing the petition and quashing the writ and shall enter the order here that should have been entered on the hearing before the Circuit Court, and set aside such proceedings and quash the record of the Industrial Board relating thereto. (*Behrens v. Commissioners of Highways,* 169 Ill. 558.)

Appellee contends that the order of the Circuit Court allowing the evidence and proceedings before the Industrial Board to be incorporated in the bill of exceptions is of no effect because the bill of exceptions was not filed within time, and the court had lost jurisdiction to enter the order. But as appellee subsequently stipulated that the bill of exceptions might be incorporated into the transcript of the record for this appeal, he is in no position to raise the point. (*Lederbrand v. Pickrell,* 167 Ill. 624.)

*Reversed and record of Industrial Board quashed.*