E. C. Creamer, Plaintiff in Error, v. John Schmidt et al., Defendants in Error.

(Not to be reported in full.)

Error to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Petition for certiorari by E. C. Creamer, petitioner, against John Schmidt, J. F. Messman and John Henry, respondents, for return of record in a proceeding by the respondents as commissioners of highways for assessment of damages against petitioner upon laying out a new road. From a judgment denying petitioner's motion to quash respondents' return and quashing the writ, petitioner brings error.

W. A. PERKINS, for plaintiff in error.

LITTLE & FINFROCK, for defendants in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. ROADS AND BRIDGES, § 59*—*what is character of statutory provisions as to notice of proceedings to lay out road.* The statutory provisions as to notice of proceedings to lay out a road are mandatory and jurisdictional and unless complied with the commissioners of highways have no authority to act, and any action so taken by them is without jurisdiction and void.

2. ROADS AND BRIDGES, § 78*—*when order laying out road is nullity because of failure to give notice.* Where commissioners of highways, upon the filing of a petition for a new road, gave the required ten days' notice under the statute [Rev. St. ch. 121, sec. 76, Cal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ill. St. Supp. 1916, ¶ 10000(76)] by posting, but failed to serve a certain railroad company with notice as required by the statute [Rev. St. ch. 121, secs. 103, 104, Cal. Ill. St. Supp. 1916, ¶¶ 10000(103), 10000(104)], *held* that an order laying out the road entered by the commissioners on such proceeding was a nullity and of no more effect than if it had not taken place.

3. ROADS AND BRIDGES, § 73*—*when order vacating prior void order laying out road ineffectual.* An order of commissioners of highways purporting to vacate a prior order laying out road which was void and a nullity in law, *held* to be of no importance or effect.

4. ROADS AND BRIDGES, § 64*—*when no jurisdiction obtained by justice of peace over person of defendant in proceeding for assessment of damages upon laying out road.* In a proceeding before a justice of the peace for assessment of damages upon laying out a road by commissioners of highways, where the summons against a defendant omitted the year on the date of the summons and the words "Justice of the Peace" after the name of the justice who signed it, *held* that such omissions went to the jurisdiction of the person of the defendant.

5. ROADS AND BRIDGES, § 64*—*when jurisdiction of subject-matter acquired in proceeding for assessment of damages for new road.* In a proceeding before a justice of the peace for assessment of damages upon laying out a new road by the commissioners of highways, jurisdiction of the subject-matter is acquired by the filing of the commissioners' certificate.

6. COURTS, § 51*—*when jurisdiction of person acquired.* Where a defendant in a proceeding before a justice of the peace for assessment of damages upon laying out a new road by commissioners of highways personally appeared on the trial, prayed an appeal to the County Court, there appeared personally on another trial, moved for a new trial, and upon granting of such motion dismissed his appeal, *held* that the defendant submitted his person to the jurisdiction of the court in such proceeding.

7. APPEAL AND ERROR, § 1817*—*when procedendo may be issued.* A *procedendo*, upon dismissal of a party's appeal, may be issued at any time upon motion of either party.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.