## A. C. Caldwell, Appellant, v. J. W. Moffatt et al., Highway Commissioners, Appellees.

1. ROADS AND BRIDGES, § 61*—*when posting of notices in proceedings to lay out and open highway is not insufficient.* Even if one of the notices which the statute, relating to the laying out and opening of highways over private lands, requires to be posted in three of the most public places in the town or district [Hurd's Rev. St. 1917, ch. 121, sec. 76, Call. 1916 Stat. ¶ 10000(76)], etc., was posted in what was not strictly one of the most public places, the failure to conform to a strict ·construction of the law in respect to such one notice—no complaint being made of the location of the other two notices posted—was but a mere irregularity and did not destroy the jurisdiction of the highway commissioners.

2. ROADS AND BRIDGES, § 54*—*when petition for laying out and opening of highway is not insufficient.* The fact that a tenant in possession with an unrecorded contract for a deed was not named in the petition for the laying out and opening of a highway does not deprive the highway commissioners of jurisdiction.

3. ROADS AND BRIDGES, § 54*—*when petition for laying out and opening of highway is not insufficient.* The mere fact that a railroad company whose right of way will be crossed by the proposed highway is not mentioned as an owner in the petition for the laying out and opening of such highway does not deprive the highway commissioners of jurisdiction.

4. ROADS AND BRIDGES, § 54*—*when petition for laying out and opening of highway is not insufficient.* It could not have been the intention of the legislature that highway commissioners could not acquire jurisdiction of the subject-matter of a petition for the laying ·out and opening of a highway unless such petition set out with strict accuracy every owner who had legal title to any of the lands involved.

5. ROADS AND BRIDGES, § 59*—*statutory notices of laying out and opening of highway are jurisdictional.* Notices required to be given by the statute in proceedings for the laying out and opening of a highway are jurisdictional and, unless they are given in the manner required, the highway commissioners are not authorized to act.

6. ROADS AND BRIDGES, § 59*—*when proceedings for laying out and opening of highway will be void for want of notice to railroad company.* When, in proceedings for the laying out and opening of

* See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a highway which will cross the right of way of a railroad company, notice is not served upon the company as required by Hurd's Rev. St. 1917, ch. 121, secs. 103, 104 [Call. 1916 Stat. ¶¶ 10000(103), 10000(104)], the proceedings will be void.

7. ROADS AND BRIDGES, § 102*—*certiorari is proper way to review record in proceedings to lay out and open road.* The common-law writ of certiorari is a proper way to review the record of highway commissioners in proceedings to lay out and open new roads in order to determine the validity of their acts.

. 8. ROADS AND BRIDGES, § 86*—*jurisdiction of equity to restrain laying out and opening of highway.* Equity has jurisdiction of a suit to restrain the laying out and opening of a highway on the ground that the proceedings therefor are void.

9. ROADS AND BRIDGES, § 82*—*remedies available to person aggrieved by laying out and opening of highway.* Apparently, proceedings for the laying out and opening of a highway furnished one of the few instances where a person aggrieved has concurrent legal and equitable remedies.

Appeal from the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded with directions. Opinion filed October 21, 1919.

·J. A. CAMERON and JESSE BLACK, JR., for appellant.

WILKINS & BRECHER, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

A. C. Caldwell, appellant, filed his bill in equity in the Circuit Court of Tazewell county to restrain appellees as highway commissioners of the Town of Groverland in said county from laying out and opening a public road therein. Upon a hearing the court entered a decree dismissing the bill for want of equity, to reverse which this appeal is taken.

On July 3, 1916, a petition was presented to the highway commissioners signed by eighteen landowners residing in said town within 2 miles of the

proposed road, requesting that said road be laid out and opened for public use. Such proceedings were had that the commissioners entered their order granting the prayer of the petition and steps were taken for the assessment of damages to appellant. The damages were assessed on the trial before the justice of the peace from which an appeal was taken to the Circuit Court where on another trial they were again assessed. At the time the petition was presented to the commissioners, the legal title to the land in controversy here was in A. G. Danforth and the petition sets out that A. G. Danforth was the owner of the land. It appears that some time prior thereto appellant had owned the land and had given a mortgage thereon to Danforth. Danforth had foreclosed the mortgage and the land had been deeded to him so that at the time the petition was presented to the commissioners the record title to the land was in Danforth. Appellant, however, was in possession under a contract of reconveyance upon his payment within a certain time of $12,000 and interest. This contract, however, had not been recorded when the petition was presented to the commissioners. The proposed public road crosses the right of way of the St. Louis, Springfield and Peoria Railroad Company. Neither appellant nor the railroad company were mentioned in the petition as an owner of any of the land sought to be taken.

It is averred in the amended bill that the commissioners were without jurisdiction to enter the preliminary order granting the prayer of the petition for the reasons that the interest of appellant was not mentioned in the petition nor did the petition mention the railroad company as an owner, and failed to aver that the landowners named in the petition, whose lands the proposed road would cross, were all of the owners so far as known. The amended bill also avers that the commissioners were without jurisdiction because one

of the three public notices required to be posted was not posted in one of the most public places in said town and because no notice as required by law was served upon the railroad company.

The particular notice which appellant claims was not posted as required by law in one of the most public places in the township was posted on a telegraph pole at what was called "Caldwell Station," a stopping point on the railroad where cars received and discharged passengers who resided in the vicinity of the proposed road and very close to the dwelling of appellant. No complaint is made of the location of the other two notices posted. It was posted where people living in the vicinity of the proposed highway got off and on the interurban cars. Even if this was not, in fact, strictly one of the most public places in the town, the failure to conform to a strict construction of the law in respect to this one particular notice was but a mere irregularity and did not destroy the jurisdiction of the commissioners. *Wright v. Highway Com'rs of Town of Middlefork,* 145 Ill. 48; *Highway Com'rs of Town of McKee v. Smith,* 217 Ill. 250. The fact that appellant was not named in the petition would not deprive the commissioners of jurisdiction. The statute requires that the names of the owners of the land shall be set forth, if known, and, if not known, the petition shall so state. The record title to the land was in Danforth and he was, in fact, the owner of the land. Appellant did not own the land, his only interest therein was by virtue of a contract with the owner by which he had an option of purchasing the land for a certain price within a specified time, and this option was unrecorded. He was simply a tenant in possession with an unrecorded contract for a deed. The statute does not require that tenants of lands, over which the proposed road would cross, should be made parties. The railroad company should have been mentioned in the petition as an owner, however, but

this omission would not deprive the commissioners of jurisdiction. To hold that the commissioners could acquire no jurisdiction of the subject-matter of a petition of this character unless the petition set out with strict accuracy, every owner who had legal title to any of the lands involved could not have been the intention of the legislature when it passed the act for the simple reason that in many cases to so set out the actual owners would be a practical impossibility, and the petitioners presenting such a petition under such a strict construction would have to have very accurate information and the commissioners themselves would have to act as a judicial tribunal for determining titles. The omission of the names of the railroad company as an owner in the petition, while an irregularity, would not of itself make the petition void and deprive the commissioners of jurisdiction.

There are certain steps, however, which must be taken before jurisdiction will be conferred upon the commissioners to open highways over the private lands of others. Chapter 121, Hurd's Rev. St. provides as follows:

"Sec. 76 [Call. 1916 Stat. (76)]. They shall give at least ten days' notice of the time and place of such examination and hearing by posting notices in three of the most public places in the town or district in the vicinity of the road to be widened, altered, vacated or laid out."

"Sec. 103 [Call. 1916 Stat. ¶ 10000(103)]. In addition to the notices now required by law in proceedings for laying out, locating or opening of public roads, similar notices shall be served on any railroad company across or alongside of whose railroad it may be proposed to locate a public road."

"Sec. 104 [Call. 1916 Stat. ¶ 10000(104)]. The notices as provided by this Act shall be served by delivering a copy thereof to the station agent of any such railroad company nearest to the proposed location of such projected public roads."

Notices required to be given by the statute in proceedings of this character are jurisdictional and unless they have been given in the manner required, the commissioners are not authorized to act. *Hamilton v. Highway Com'rs of Lovejoy Tp.*, 203 Ill. 269; *Highway Com'rs of Town of McKee v. Smith*, 217 Ill. 250; *Matthiessen v. Ott*, 268 Ill. 569. It is alleged in the amended bill and the proofs show that no notice of any kind was ever served upon the railroad company by delivering a copy thereof to its agent or otherwise. In the case of *Creamer v. Schmidt*, 204 Ill. App. 621. we construed sections 103 and 104 and held that where a proposed road is to cross the right of way of a railroad company, service of the notice on the railroad company as required by these sections is mandatory and jurisdictional and, without which, the commissioners have no authority to act. Many reasons readily suggest themselves why the legislature should provide that public highways should not be laid across a railroad right of way without giving notice to the railroad company which can only act through its agents. Railroad crossings are dangerous places and the law requires railroad companies to perform certain duties in regard thereto for the public safety. It is probable the legislature had this in mind when sections 103 and 104 were adopted. The service of the notice on the railroad company was jurisdictional and the proceedings of the commissioners are void.

It is urged by appellees that appellant has a complete remedy of law by a writ of certiorari and that a bill for injunction will not lie. For a great many years it has been held consistently that the common-law writ of certiorari is a proper way to review the record of the highway commissioners in proceedings to open and lay out new roads in order to determine the validity of their acts. *Highway Com'rs of Town of Geneseo v. Harper*, 38 Ill. 104; *Hyslop v. Finch*, 99 Ill. 171; *Bailey v. McCain*, 92 Ill. 277; *Smith v. High-*

way Com'rs of Hudson Tp., 150 Ill. 385; Highway Com'rs of Town of McKee v. Smith, supra; Matthiessen v. Ott, supra. The Supreme Court, however, in the case of Frizell v. Rogers, 82 Ill. 109, specifically held: "The equitable jurisdiction in such cases is well settled." This case was followed and cited in Newby v. Highway Com'rs, 21 Ill. App. 247; Whittaker v. Gutheridge, 52 Ill. App. 462. The case of Frizell v. Rogers, supra, has never been overruled and apparently this is one of the few instances where equitable and legal remedies have concurrent jurisdiction.

The decree of the Circuit Court is reversed and the cause remanded with directions to enter a decree granting the relief prayed for in the amended bill.

*Reversed and remanded with directions.*